**Alvin R. CAMPBELL, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Arnold S. CAMPBELL, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Donald LESTER, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 5371–5373.

United States Court of Appeals First Circuit.

Aug. 27, 1959.

Rehearing Denied Sept. 15, 1959.

Lawrence F. O'Donnell, Dorchester, Mass., and Melvin S. Louison, Taunton, Mass., for appellants.

William J. Koen and Norman A. Hubley, Asst. U. S. Attys., Boston, Mass., with whom Anthony Julian, U. S. Atty., Boston, Mass., and John F. Palmer, Attorney, Department of Justice, Washington, D. C., on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

Each of the three defendants was convicted in the District Court of the United States for the District of Massachusetts on seven counts of an indictment charging violations of the Bank Robbery Act, 18 U.S.C. § 2113. Count 1 charged that the defendants violated § 2113(a) and Count 2 charged them with violating § 2113(b). Counts 3 through 7 charged them with the aggravated offense set forth in § 2113(d). Each of these latter five counts alleged that the defendants put in jeopardy the life of a different customer or employee during the commission of the bank robbery set forth in Counts 1 and 2.

The bank robbery was alleged to have taken place in the Canton Branch of the Norfolk County Trust Company in Canton, Massachusetts, on July 18, 1957.

The defendants do not contend that the Government failed to provide sufficient evidence to warrant finding them guilty but rather claim that the district judge committed such serious errors in the conduct of the trial as to deprive

690

them of a fair trial. They charge that the district judge went beyond permissible bounds in commenting on the evidence and in the examination of witnesses and that his charge to the jury was argumentative in nature and was unfairly partisan in favor of the prosecution. They further contend that their right of cross-examination of the Government witnesses was erroneously curtailed and that the court further erred in allowing evidence as to a purported admission made by one of the defendants. A further point raised by the defendants concerns the refusal of the district judge to permit the defendants to examine a pre-trial report involving one of the Government witnesses.

■ The latter point concerning the denial of the right to examine this pretrial report does not warrant extended discussion in view of the recent decision of the Supreme Court in Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287. It seems clear that the district judge in the instant case did not commit error in holding that an F. B. I. investigator's summary of an account of the bank robbery by a Government witness was not a "statement" under subsection (e) of the act of September 2, 1957, 71 Stat. 595, 18 U.S.C. § 3500, the so-called "Jencks" Act. It is to be noted that prior to the district judge's action he *in camera* discovered that this witness had never seen the report in question and that the report was not a substantial verbatim recital of what had been told to the F. B. I. agent. Under these circumstances the determination of the district judge was justified.

■ The defendants also charge that the district court committed reversible error in preventing them from inquiring of an important Government witness " * * * You smoke reefers, do you, Mr. Gibson?" However, it seems evident from the context in which this question was asked that its form was unclear and that the district judge was within his discretion in excluding it on this ground, as it is quite evident by the judge's later statements he would not

prevent defense counsel from interrogating on this point if the question were put in proper form. It would seem reasonable to require that the defense counsel use a more explicit term than "reefers". If the purpose of the defense counsel, which is not clear from the record, were to show that the witness was under the influence of narcotics at the moment of testifying, the question should have been whether the witness was addicted to the use of cigarettes containing narcotics. See Wilson v. United States, 1914, 232 U.S. 563, 567, 34 S.Ct. 347, 58 L.Ed. 728. On the other hand, if the question was intended to show that the witness was under the influence of narcotics at the time when an admission was purported to have been made to him by one of the defendants, the proper question would have been whether at the time of that conversation the witness was under the influence of cigarettes containing narcotics. In this way the defendants would have been able to protect their right to show the possibility that this witness' testimony should not have been given as much weight as it would otherwise, but because of the improper form of the interrogation on this point the district judge was not in error in its exclusion.

■■ The defendant, Arnold Campbell, contends that the admission into evidence of a statement made in his presence by his brother Alvin to Floyd Gibson was prejudicial error. This statement was that Alvin, Arnold and a third party had participated in a bank robbery in Boston. Gibson further testified that Arnold was present when this statement was made, in fact that he was sitting on his right during the conversation in question. Such a statement is admissible against the defendant Arnold Campbell for if it was heard by him, his silence under such circumstances could be construed as an admission. See 4 Wigmore, Evidence, § 1071 (3rd ed. 1940). The only instruction requested by the defendants concerned the scrutiny which the jury should give such admissions and the possibility of misinterpretation of

the person speaking. It is the jury's function to determine whether this statement was heard by the defendant Arnold Campbell and the weight to be given it as evidence of guilt is also a jury function. The only point in the charge in which this admission is referred to was when the district judge was cautioning the jury that the facts were for the jury to find and that it was their obligation to weigh the evidence. Viewed in this context, the district judge's reference to the evidence relating to the conversation in question, although not entirely clear as to meaning, left it to the jury to find whether or not Arnold Campbell had in fact heard this statement sought to be used as an admission against him.

■ Another point raised by the defendants is that the district judge so abused his discretion in interrogating witnesses and in his comments on the evidence that they were deprived of a fair trial. Their contention is basically the same as that made in Daley v. United States, 1 Cir., 1956, 231 F.2d 123, certiorari denied 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484, and our comments made therein are applicable in this case. It is evident here also that while much of this intervention by the district judge was superfluous it is also clear that the patience of the judge was sorely tried by the tactics and conduct of defense counsel throughout the nearly six weeks required to present the Government's case, a great portion of such period being used in prolonged cross-examination. We are of the opinion that in the instant case the oftentimes needless and verbose intervention by the district judge did not result in depriving the defendants of a fair trial but only tended to lengthen the record.

■ The defendants also contend that the charge to the jury contained numerous errors and also was argumentatively in favor of the prosecution. We reject the defendants' contention that the jury was not properly instructed on the presumption of innocence as the record makes clear that the jury was instructed on this point many times. Also there is nothing in the charge to indicate that the jury was instructed that it had to discover who had robbed the bank if the defendants did not and that the defendants had the burden of proving their innocence. The district judge's statement in referring to the witnesses presented by the prosecution, other than the Gibson brothers, that "There's a presumption that these citizens were good citizens; and in the absence of evidence which would satisfy you that you should disregard their testimony, they are considered to be good witnesses" standing alone would perhaps lend support to the contention that this deprived the jury of its function in determining the credibility of their testimony. However, the district judge later pointed out that the jury was the sole judge of the credibility of the witnesses and it should scrutinize the circumstances under which each witness testified and every matter in evidence which tended to indicate whether the witness had been worthy of belief. The district judge also pointed out that in considering the testimony of such witnesses, the jury should consider whether the individual witnesses were of a fearful nature and also what effect a loaded gun would have upon a witness' state of mind. These statements would seem to emphasize that even the testimony of these Government witnesses, who did not have any motive to falsify in order to escape possible self incrimination, should be carefully examined not so much in order to determine whether these witnesses were deliberately lying but rather to determine whether much weight should be given to their identification of the defendants as the bank robbers.

■ The defendant, Arnold S. Campbell, has also objected to an instruction to the jury that certain evidence relating to the expenditure of money in Ohio following the robbery may be considered against him. However, there was evidence linking Arnold S. Campbell with some of the benefits obtained by the expenditure of this cash. Clearly evidence pointing to a sudden increase in cash

expenditure by a person concerning whom there had been substantial evidence linking him with the theft of large amounts of cash previous to those sudden expenditures is relevant. See United States v. Howell, 3 Cir., 1956, 240 F.2d 149; Hansbrough v. United States, 8 Cir., 1946, 156 F.2d 327. The district judge committed no error in his instruction on this point.

■ The defendants also objected to some language in which the district judge apparently attempted to instruct the jury with regard to the inference to be drawn by the failure of the defendants to present any evidence. The district judge while correctly informing the jury that no inference whatsoever was to be drawn from the failure of the defendants themselves to take the witness stand, his instruction with regard to the presentation of other witnesses was couched in the following language: "Now, the inference drawn by common sense, and approved by law, if you find that—obviously, if it was shown that this money was money that had nothing to do with the bank, it would go to the very heart of that which would constitute the basis for the innocence of the two brothers Campbell. And Mr. Lester is in no way connected. The inference drawn by common sense, and approved by law, is that if such evidence were presented, it would be unfavorable to those defendants." This language is unclear and it is apparent that the district judge was unaware of the confused nature of his instruction. The "money" that he was referring to was undoubtedly that money which had been spent in Ohio after the robbery. It was the district judge's conclusion that there were witnesses to these expenditures who were available only to the defendants. This instruction must be interpreted as allowing the jury to infer that the testimony of these witnesses as to the source of funds from which expenditures were made would have been unfavorable to the defendants because otherwise they would have testified. In Graves v. United States, 1893, 150 U.S. 118, 121, 14

S.Ct. 40, 41, 37 L.Ed. 1021, the court said: "The rule, even in criminal cases, is that, if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable." See Samish v. United States, 9 Cir., 1955, 223 F.2d 358, certiorari denied 350 U.S. 848, 76 S.Ct. 85, 100 L.Ed. 755; United States v. Conforti, 7 Cir., 1952, 200 F.2d 365, certiorari denied, 1953, 345 U.S. 925, 73 S.Ct. 782, 97 L.Ed. 1356; United States v. Beekman, 2 Cir., 1946, 155 F.2d 580. Viewed in the light of this principle, the instruction of the district judge, although not as clear as it should have been, was not prejudicial to the defendants.

■ The defendants made a motion before trial to dismiss the indictment upon the grounds that the offenses set forth in the seven counts in the indictment against each individual defendant were but one offense or in the alternative that the Government be required to elect which one of the seven counts it intended to prosecute at the trial. This motion was properly denied by the district judge. See Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380, 385. Moreover, although the defendants were sentenced on all seven counts of the indictment which was undoubtedly technically incorrect, (see Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370), the sentences were to be served concurrently and therefore as the maximum sentence for one count in violation of § 2113(d) of 18 U.S.C., namely, twenty-five years, was not exceeded, the defendants are not harmed. See Lewis v. United States, D.C.Cir.1959, 263 F.2d 265, certiorari denied 359 U.S. 959, 79 S.Ct. 798, 3 L.Ed.2d 766; O'Malley v. United States, 1 Cir., 1955, 227 F.2d 332, 334, certiorari denied 1956, 350 U.S. 966, 76 S.Ct. 434, 100 L.Ed. 838; Miller v. United States, 2 Cir., 1945, 147 F.2d 372, 374.

Other points urged by the defendants have been considered by us but they are not deserving of specific comment. We

have found no ground upon which to conclude that the defendants were deprived of a fair trial.

Judgments will be entered affirming the judgments of the district court.