**Theodore GREEN, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

**No. 5593.**

United States Court of Appeals First Circuit.

Jan. 20, 1960.

**60**

Theodore Green, pro se.

Elliot L. Richardson, U. S. Atty., and William J. Koen, Asst. U. S. Atty., Boston, Mass., on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

■ Petitioner, Theodore Green, was found guilty by a jury in the district court for the District of Massachusetts on a three-count indictment charging, (1) entry into a bank with intent to commit a felony and (2) robbery, both in violation of 18 U.S.C. § 2113(a), and (3) armed robbery, in violation of 18 U.S. C. § 2113(d). On October 27, 1952, he was sentenced to 20 years on Count 1, 20 years on Count 2, and 25 years on Count 3, being the maximum on each count, to be served concurrently. He failed to prosecute his appeal. Starting with this common-place script petitioner has woven an extensive serial story, the last episode of which was before this court a month ago in Green v. United States, 1 Cir., 1959, 273 F.2d 216. The present installment, a motion under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C., introduces a new element, and seeks to revive one long departed. Taking this last first, it is that the sentence on Count 3 was "invalid and void" because of error in the charge. This contention cannot be converted into a Rule 35 matter by the semantic device of alleging that "because of the erroneous instructions no verdict responsive to the allegation of the third count of the indictment was found and hence the sentence of the Court was invalid." Rule 35 is for the correction of illegal sentences, "those that the judgment of conviction did not authorize," United States v. Morgan, 1954, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248, not for the correction of improper convictions. "A motion for correction of sentence under Rule 35 presupposes a valid conviction and affords a procedure for bringing an improper sentence into conformity with the law." Cook v. United States, 1 Cir., 1948, 171 F.2d 567, 570, certiorari denied, 1949, 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088. Any errors committed in the charge, or for that matter, any

question of the sufficiency of the evidence, were reviewable on appeal.

 Petitioner's other point has some semblance of merit, but he attempts to draw from it more than he is entitled to. Petitioner correctly points out that sentencing him on the three counts was, as we stated in Campbell v. United States, 1 Cir., 1959, 269 F.2d 688, 692, "technically incorrect." With regard to the relationship of Count 1, charging entry with intent to commit a felony, to Count 2, charging robbery, the matter is determined by Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 404, 1 L.Ed.2d 370. While the actual issue decided in that case was the narrower one of "whether unlawful entry and robbery are two offenses *consecutively punishable* * * *" (emphasis supplied), the court also refers to the broader question of "whether the crime of entering a bank with intent to commit a robbery is merged with the crime of robbery when the latter is consummated * * *" 352 U.S. at page 324, 77 S.Ct. at page 404. The inference to be drawn from the decision is that it is. Similarly, Holiday v. Johnston, 1941, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392, suggests, and there is ample other authority for the proposition, that the offense of robbery, and the offense of aggravated robbery under section 2113(d) are not separate crimes to the extent that consecutive sentences can be imposed on separate counts. See Annotation, 1958, 59 A.L.R.2d 946, 965–70, 992–94. Strictly, consecutive or otherwise, we hold that petitioner should have received only a single sentence. But we do not agree with him that by the imposition of the 20-year sentence on Count 1 the court "exhausted its power" to go any further. Many cases have discussed the general problem of an erroneous number of sentences, applying various theories, but, it has been pointed out, "in every instance the sentence on the count which carried with it the greater penalty was held valid." 59 A.L.R.2d, supra, at 996. We concur in that result.

The remaining issue, then, is whether petitioner should receive the paper satisfaction, for which relief he has not in fact asked, of having the sentences under Counts 1 and 2 vacated, leaving him only with the single sentence under Count 3. In Campbell, supra, we indicated that this was merely a technical matter because the sentences were concurrent, and we refused to vacate the incorrect sentences on the ground that "the defendants are not harmed." 269 F.2d at page 692. Had the sentences related to different transactions, at different times, petitioner's opportunity for parole might be affected. See Hibdon v. United States, 6 Cir., 1953, 204 F.2d 834, 839; cf. Audett v. United States, 9 Cir., 1959, 265 F.2d 837, 848, certiorari denied 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62. Here we do not see even that danger.

Judgment will enter affirming the order of the District Court denying the motion.