COMMONWEALTH *vs.* PATRICK JOHNSON. No. 08-P-894. October 26, 2009. *Controlled Substances. Practice, Criminal,* Duplicative convictions, Lesser included offense, Sentence.

The defendant was convicted of four charges, including possession of cocaine with intent to distribute (possession with intent) in violation of G. L. c. 94C, § 32A(*c*), and trafficking in fourteen to twenty-eight grams of cocaine in violation of G. L. c. 94C, § 32E(*b*)(1).[1] The Commonwealth proved that

---

[1] The defendant was also convicted of possession of marijuana and a drug violation in a school zone. He filed a notice of appeal from all the convictions.

the possession with intent conviction was for a second or subsequent offense, subjecting the defendant to the sentencing enhancement described in G. L. c. 94C, § 32A(*d*). See *Bynum* v. *Commonwealth*, 429 Mass. 705, 708-709 (1999). The defendant was sentenced to concurrent sentences of five years to five years and one day on the possession with intent, second offense, charge and three to five years on the trafficking charge.

The defendant subsequently brought a motion under Mass.R.Crim.P. 30(a), as appearing in 435 Mass. 1501 (2001), seeking dismissal of the possession with intent charge on the ground that it is duplicative of the trafficking charge. The motion judge, who was also the trial judge, viewed the motion as having some merit but concluded that the issue had been waived. However, there is no time limit on bringing a rule 30(a) motion, which may be brought "at any time, as of right." Mass.R.Crim.P. 30(a). And, although the defendant has now served the maximum sentence on each conviction, the case is not moot because the challenged conviction has collateral consequences. See *Garabedian* v. *Commonwealth*, 336 Mass. 119, 120 (1957). See also *Commonwealth* v. *Sherry*, 386 Mass. 682, 700 (1982).

Possession with intent to distribute is a lesser included offense of trafficking and therefore duplicative of the trafficking charge. *Commonwealth* v. *Owens*, 414 Mass. 595, 608 (1993). The Commonwealth argues that due to the second offense portion of the possession with intent indictment, in this case, the possession with intent charge required proof of an element that the trafficking charge did not and that, consequently, possession with intent to distribute here is not a lesser included offense of trafficking. See *Commonwealth* v. *Valliere*, 437 Mass. 366, 371 (2002). As the Supreme Judicial Court has made clear, however, the "second offense" portion of a possession with intent to distribute charge for a second or subsequent offense is not an element of the offense, but rather a sentencing enhancement. See *Bynum* v. *Commonwealth*, *supra* at 708-709 & n.4.[2]

The Commonwealth argues in the alternative that if the charges are duplicative, the possession with intent charge is the more serious one because it carries the greater sentence and the trafficking charge is the one that must be dismissed. The Supreme Judicial Court has long instructed that "[t]he appropriate remedy for the imposition of duplicative convictions is to vacate both the conviction and sentence on the lesser included offense, and to affirm the conviction on the more serious offense." *Commonwealth* v. *Mello*, 420 Mass. 375, 398 (1995). See also *Commonwealth* v. *Jones*, 382 Mass. 387, 395 (1981) (citing, inter alia, *Kuklis* v. *Commonwealth*, 361 Mass. 302, 309 [1972], for the proposition that in duplicative conviction cases "the remedy ordered by this court has been to vacate both the conviction and sentence on the lesser-included offense, and to affirm that on the more serious offense"). The lesser included offense is the one with fewer elements, regardless of the penalty provided for by the Legislature or actually imposed by the court. See *Commonwealth* v. *D'Amour*, 428 Mass. 725, 748 (1999) ("A lesser included offense is one which is necessarily accomplished on commission of the greater crime"). This case presents an unusual circumstance because, as a result of

___

[2]Indeed, in its brief in a recent case from another county that presented this same question and in which we held the convictions duplicative in an unpublished opinion under our rule 1:28, *Commonwealth* v. *Pellot*, 68 Mass. App. Ct. 1115 (2007), the Commonwealth conceded that "possession of cocaine with the intent to distribute, a second offense, is a lesser-included offense of the crime of trafficking in cocaine."

the sentencing enhancement, the defendant was sentenced to five years to five years and one day on the lesser included offense, but to three to five years on the greater offense.

The language in *Commonwealth* v. *Mello, supra,* which has been used repeatedly by the Supreme Judicial Court in substantially identical form, appears to be mandatory. In one of the cases described in *Commonwealth* v. *Jones, supra,* as supporting this rule, *Kuklis* v. *Commonwealth, supra* at 309, the Supreme Judicial Court, though declining to articulate any blanket rule, did dismiss the duplicative convictions on two lesser included offenses even though the sentence for the greater offense that was affirmed was lighter than the sentences on each of those two lesser included offenses.[3]

Nonetheless, the rigid application of the *Commonwealth* v. *Mello* rule after sentencing in a case like this might well violate the apparent principle behind that rule: ensuring that the convicted defendant receive the appropriate punishment for the crime that underlies the duplicative convictions. Perhaps for this reason, in another case in which a similar claim of error was not raised until after sentencing, *Commonwealth* v. *Shuman,* 17 Mass. App. Ct. 441, 451-452 (1984), we concluded that, despite the language ordinarily requiring dismissal of the lesser included offense, the more appropriate action would be to allow the trial judge to decide which charge to dismiss. There, the Legislature had provided a greater maximum punishment for the lesser included offense and the judge had sentenced the defendant to a more severe sentence on the offense with the greater number of elements, but had suspended it. We said:

> "We recognize, of course, the principle stated in *Commonwealth* v. *Jones,* 382 Mass. at 395, that when 'consecutive sentences on duplicitous charges have been imposed, the remedy ordered . . . has been to vacate both the conviction and sentence on the lesser-included offense, and to affirm that on the more serious offense.' It may be that, because the Legislature has permitted a maximum sentence [for the lesser included offense] greater than that allowed [for the offense with more elements], the former should be regarded as the more serious offense. Nevertheless, in *Kuklis* v. *Commonwealth,* 361 Mass. 302, 309 (1972), the Supreme Judicial Court, in a somewhat comparable situation, recognized that '[a]ny one of the three judgments . . . [there considered could] properly be affirmed' (emphasis supplied). We, of course, could decide ourselves that the *Jones* practice should be followed. To do so, if the more serious offense is the more inclusive offense, would leave [the defendant] subject to a suspended sentence . . . plus probation, a sentence which involves no necessary incarceration. On the other hand, the sentence under [the lesser included offense] involves incarceration. We think it more appropriate to leave the matter to the trial judge, by an application

---

[3]Contrary to the suggestion in the concurrence, *Kuklis* v. *Commonwealth, supra,* thus did not articulate a rule that in cases of duplicative convictions, the conviction that should be affirmed is the one on which the defendant had been given the greater sentence, nor did it quote the language from *Green* v. *United States,* 274 F.2d 59, 61 (1st Cir. 1960), quoted by the concurrence. In *Kuklis* v. *Commonwealth, supra* at 304, on the conviction that was affirmed the defendant had received a suspended sentence. The sentences on the lesser included offenses would each have included one year of actual incarceration. *Ibid.*

of the *Kuklis* principle. He . . . may decide which disposition is the more appropriate, viz., that which he imposed under [the lesser included offense] or that imposed under [the more inclusive offense]."[4]

*Ibid.* See also *Commonwealth* v. *Ploude,* 44 Mass. App. Ct. 137, 143 (1998) (duplicative conviction case in which the judge had imposed a greater sentence on the lesser included offense and the sentences apparently had not been served; case remanded for "one of the defendant's convictions and sentences [to be] vacated and a sentence imposed on the other conviction").

We shall follow the same procedure here as we did in *Commonwealth* v. *Shuman, supra,* and remand the case to the trial court. It is true that in this case both sentences have been served, but there may be consequences of one or the other conviction that might render dismissal of that underlying charge more appropriate. The parties shall be entitled to present to the judge on remand their arguments concerning the proper disposition of the case.[5]

We emphasize that nothing in our ruling prevents the Commonwealth from charging individuals in the defendant's circumstance with the crime for which the greater punishment may be provided, even though it is the lesser included offense. The Commonwealth retains the authority to make the determination in the first instance of the offense with which a person in the defendant's circumstance should be charged. See *Cambridge* v. *Phillips,* 415 Mass. 126, 130 (1993) ("Prosecutors have wide ranges of discretion in deciding whether to bring charges and which specific charges to bring"). If it concludes in future cases that, in light of the likelihood of proving the second offense sentence enhancement, its interests would best be served by charging a defendant in these circumstances with possession with intent to distribute, rather than trafficking, it is free to do so.

The defendant also challenges the denial of a motion to suppress evidence, arguing that, as a matter of fact, his girlfriend's consent to search was not voluntary. The judge's finding that the consent was voluntary, however, is not clearly erroneous, and the denial of the motion to suppress is therefore affirmed.

The case is remanded to the trial court for further proceedings consistent with this opinion. The judge "may cause an entry to be made on the docket of the case" in which the charge will not be dismissed, " 'Judgment Affirmed.' The other finding of guilty will be set aside," the judgment of conviction vacated, "and the indictment dismissed." *Commonwealth* v. *Shuman,* 17 Mass. App. Ct. at 452.

*So ordered.*

BROWN, J. (concurring). While I agree generally with the result proposed by

---

[4]In both *Commonwealth* v. *Jones,* 382 Mass. at 395, and *Commonwealth* v. *Mello,* 420 Mass. at 398, the Supreme Judicial Court set up an opposition between the "lesser included offense" and the "more serious offense," and in *Commonwealth* v. *D'Amour,* 428 Mass. at 748, subsequent to *Commonwealth* v. *Shuman,* it explicitly defined "lesser included offense" as "one which is necessarily accomplished on commission of the greater crime." These cases foreclose the hypothesis put forward in dictum in the quoted passage from *Commonwealth* v. *Shuman* that the "more serious offense" may be the one with the highest maximum penalty.

[5]Because the trial judge no longer sits on the Superior Court, the case will of necessity be assigned to another judge of the Superior Court.

the majority, I write separately to make some observations regarding the requirements for the reversal of convictions in cases of duplicative offenses.

The parties here agree, as they must, that where a defendant, in a single proceeding, is convicted of duplicative offenses, both convictions cannot stand, at least absent express statutory authority for such multiple punishments. See *Commonwealth* v. *Vick*, 454 Mass. 418, 435 (2009). For these purposes, convictions are deemed duplicative when the offenses charged are based on a single act, and they are either identical or the elements of one are a subset of the elements of the other. See *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 383-386 (1998). In the latter case, the offense with fewer elements is said to be "included" within the offense with more elements. See *Commonwealth* v. *Pileeki*, 62 Mass. App. Ct. 505, 515-518 (2004) (Brown, J., concurring).

Where duplicative convictions are obtained, the remedy in the Commonwealth, as the majority observes, has customarily been "to vacate both the conviction and sentence on the *lesser included* offense" (emphasis added). *Ante* at 904, quoting from *Commonwealth* v. *Mello*, 420 Mass. 375, 398 (1995). See *Commonwealth* v. *Hoilett*, 430 Mass. 369, 376 (1999). Here, strict application of that rule would compel us to vacate the conviction and concomitant sentence for possession with intent to distribute, G. L. 94C, § 32A(*c*), because that offense is included within the crime of trafficking, G. L. c. 94C, § 32E(*b*)(1), of which the defendant was also convicted, despite the fact that a harsher penalty was imposed in connection with the former charge. However, while § 32A(*c*) is inarguably included within § 32E(*b*)(1), it is not so clear that it is the "lesser" offense; indeed, the phrase "lesser included offense" may, in some cases (including this case) amount to a contradiction.

As early as the decision in *Kuklis* v. *Commonwealth*, 361 Mass. 302, 308 (1972) (*Kuklis*), the Supreme Judicial Court grappled with the issue of the appropriate remedy in cases of duplicative convictions. There, the defendant had been convicted of being present where a narcotic drug is kept, possession of a narcotic drug, and possession of a narcotic drug with intent to sell. *Id.* at 303. The court concluded that the first two offenses were both included within the third, so that the separate judgments as to all three imposed by the trial judge could not stand. *Id.* at 307-309.

In deciding which of the convictions to reverse, the court in *Kuklis* looked to *Green* v. *United States*, 274 F.2d 59, 61 (1st Cir. 1960). In *Green*, the court stated:

> "Strictly, consecutive or otherwise, we hold that petitioner should have received only a single sentence. But we do not agree with him that by the imposition of the 20-year sentence on Count 1 the court 'exhausted its power' to go any further. Many cases have discussed the general problem of an erroneous number of sentences, applying various theories, but, it has been pointed out, 'in every instance the sentence on the count which carried with it the greater penalty was held valid.' . . . We concur in that result."

*Id.* at 61. The court in *Kuklis*, 361 Mass. at 309, expressly relying on *Green* v. *United States*, *supra*, vacated the defendant's convictions as to the crimes for which he received lesser sentences, and affirmed the judgment as to the crime

for which he received the longest sentence.[1] In so doing, the Supreme Judicial Court held that "[a]ny one of the three judgments, but no more than one, may properly be affirmed by us. In these circumstances, we conclude that the sentence imposed on the most serious crime is valid." *Ibid.*

In this way, *Kuklis* embodies two important, but separate concepts. First, convictions for a crime and any *included* offenses, where based upon a single act, amount to duplicative convictions. Second, where not expressly authorized by the Legislature, the presumptive remedy for improper duplicative convictions is reversal of the conviction for the *lesser* offense as determined by penalty. As it happens, in most instances, the lesser crime, so defined, will be the included offense — and thus the wide use of the phrase "lesser included offense." "However, as Tocqueville observed, the familiar should not be confused with the necessary," as the current case illustrates. *Commonwealth* v. *Pileeki*, 62 Mass. App. Ct. at 518.

The rule originally articulated in *Kuklis*, while somewhat obscured by the now-frequent conjunction of "lesser" and "included,"[2] has by no means vanished from the decisional law. As the Supreme Judicial Court recently stated in *Commonwealth* v. *Ogden O.*, 448 Mass. 798, 808 (2007), quoting from *Commonwealth* v. *Mello*, 420 Mass. at 398, "[t]he appropriate remedy for the imposition of duplicative convictions is to vacate both the conviction and sentence on the lesser included offense, and to affirm the conviction *on the more serious offense*" (emphasis added). In view of *Kuklis*, as well as the continuing emphasis by the Supreme Judicial Court on the phrase "more serious offense," see, e.g., *Commonwealth* v. *Valliere*, 437 Mass. 366, 371-372 (2002), I do not believe that there is any strict rule requiring dismissal of the *included* offense as a remedy for duplicative convictions.

However, I also take the view that dismissal of the lesser offense (as determined by penalty) as a remedy for duplication, while both "appropriate," see *Commonwealth* v. *Valliere*, 437 Mass. at 371, and customary, is not mandatory. As the Supreme Judicial Court said in *Kuklis*, 361 Mass. at 309, and not I think without care and deliberation, "[a]ny one of the three [duplicative] judgments, but no more than one, may properly be affirmed by us." Indeed, to the extent that the only defect in unauthorized duplicative convictions lies in the affront they pose to double jeopardy principles, it is immaterial which convictions are dismissed as long as the final result is consistent with double jeopardy protections. A court should be free to fashion whatever remedy best serves the ends of justice in any particular case. This was precisely the view we adopted in *Commonwealth* v. *Shuman*, 17 Mass. App. Ct, 441, 451-452 (1984).

The majority hints that a rule that allocates to judges unlimited discretion in

---

[1]Admittedly, in *Kuklis*, 361 Mass. at 304, the longer sentence, five years and one day (as opposed to the one-year terms on the lesser charges), was suspended; nonetheless, it was the longer sentence.

[2]In fact, the phrase "lesser included offense" is a relatively modern usage in Massachusetts, appearing in case law only after 1960. See *Commonwealth* v. *Burke*, 342 Mass. 144, 149 (1961). At one time, at least, it was clear that the terms "lesser" and "included" had independent meaning. See, e.g., *Commonwealth* v. *Mahoney*, 331 Mass. 510, 514 (1954) ("[w]here a lesser offence is included in a greater offence, a prosecution for the former bars a prosecution for the latter"). See also *Commonwealth* v. *Devlin*, 335 Mass. 555, 568 (1957).

determining which convictions to dismiss in curing a double jeopardy violation might trench on the executive branch's power to determine the crimes charged in a criminal prosecution. Without question, *pretrial* dismissals that so limit prosecutorial prerogatives are typically unlawful. See *Commonwealth* v. *Brandano*, 359 Mass. 332, 335-336 (1971). However, after trial, a judge has very broad discretion to reverse convictions as a remedy for constitutional error. See *Commonwealth* v. *Powell*, 453 Mass. 320, 323 (2009). While, in the interests of comity among the co-equal branches of government, a rule favoring dismissal of the lesser charges in cases of duplicative convictions — the very customary practice now in effect in Massachusetts — may be desirable, it is not required by law.

Thus, I do not believe the majority erred in remanding the case to the trial court and, consistent with *Commonwealth* v. *Shuman*, 17 Mass. App. Ct. at 451-452, leaving it to a judge's sound discretion to determine which sentence to vacate. With the foregoing caveats and observations, I concur in the result.

*William W. Adams* for the defendant.

*Ellyn H. Lazar-Moore*, Assistant District Attorney, for the Commonwealth.