COMMONWEALTH vs. EDUARDO RODRIGUEZ.

No. 11-P-1315.

Suffolk. October 1, 2012. - February 7, 2013.

Present: CYPHER, KATZMANN, & MILKEY, JJ.

*Rape. Kidnapping. Indecent Assault and Battery. Due Process of Law,* Indictment placed on file. *Constitutional Law,* Double jeopardy. *Practice, Criminal,* Indictment placed on file, Instructions to jury, Double jeopardy. *Statute,* Construction.

At the trial of indictments charging rape aggravated by kidnapping, kidnapping aggravated by sexual assault, and indecent assault and battery, the judge erred in instructing the jury, where the language of G. L. c. 265, § 26, third par., can reasonably be interpreted as requiring that the defendant be armed while kidnapping the victim and either inflict serious bodily injury on or sexually assault the victim; further, the judge's omission of the element that the defendant be armed under either prong gave rise to a substantial risk of a miscarriage of justice, in that the omission was sufficiently significant in the context of the trial to make plausible an inference that the jury's result might have been otherwise but for the error. [269-273]

At a criminal trial, the defendant's conviction of indecent assault and battery was not duplicative of his conviction of aggravated rape, where the convictions rested on separate and distinct acts, and where the absence of a "separate act" instruction did not create a substantial risk of a miscarriage of justice [273-274]; further, in the circumstances of the case, no double jeopardy problem arose from the defendant's convictions of aggravated kidnapping and of the other two charges [274-275].

INDICTMENTS found and returned in the Superior Court Department on March 15, 2007.

The cases were tried before *Peter M. Lauriat,* J.

*Kathleen M. O'Connell* for the defendant.

*Marc Tohme (Janis DiLoreto Noble & Tara B. Burdmen,* Assistant District Attorneys, with him) for the Commonwealth.

MILKEY, J. After a jury trial in Superior Court, the defendant was found guilty of rape aggravated by kidnapping, G. L. c. 265,

§ 22(*a*); kidnapping aggravated by sexual assault, G. L. c. 265, § 26, third par.; and indecent assault and battery, G. L. c. 265, § 13H. The judge sentenced him on the aggravated rape and indecent assault and battery charges, and placed the indictment for aggravated kidnapping on file over the defendant's objection. The defendant's appellate arguments relate chiefly to the filed indictment. He argues, inter alia, that the jury instruction setting forth the elements of aggravated kidnapping was erroneous. We agree and conclude that the guilty verdict on that charge must be set aside. We otherwise affirm the judgments.

*Background.* The Commonwealth's chief witness was the victim, Jane Smith (a pseudonym), who was an eighteen year old high school senior at the time of the rape. Smith testified that as she was walking to school on the morning of February 14, 2007, she was accosted by the defendant, who told her that he had a knife in his pocket and that if she tried to run or scream, he would kill her. The defendant led Smith into a stairwell in a building on Tremont Street, where he rubbed his hand between her legs over her jeans, licked her breast, and raped her twice.[1] Smith also testified that before he let her go, the defendant stole some money, her cellular telephone, and her jewelry.

The Commonwealth's position throughout the proceedings was that the aggravated kidnapping charge required proof that the defendant kidnapped Smith and sexually assaulted her, but not that he was armed during the crime. The judge's instructions to the jury on that count were consistent with the Commonwealth's position. The defendant lodged no objection to the jury instruction.

After four days of deliberation, the jury found the defendant guilty of the three charges listed above, with the indecent assault and battery conviction based on the defendant licking Smith's breast. The jury acquitted the defendant of armed robbery and of a second count of indecent assault and battery (rubbing his hand between Smith's legs).

The Commonwealth moved for sentencing only on the aggravated rape and indecent assault and battery counts. The prosecutor said that while the Commonwealth "could be asking

---

[1]In addition to the victim's testimony, deoxyribonucleic acid (DNA) evidence established that the defendant was the assailant.

the court to sentence on the aggravated kidnapping count, which is a minimum of a twenty-five year sentence," she was instead requesting a sentence of twelve to fifteen years on the aggravated rape count, in part due to the defendant's lack of a criminal record. She also took the position that because she was seeking a sentence on the charge of aggravated rape, "the kidnapping being the aggravating factor, would merge into the aggravated rape." In lieu of dismissing the aggravated kidnapping indictment, the Commonwealth requested that it be placed on file pending the outcome of any potential appeal. See generally *Commonwealth* v. *Simmons*, 65 Mass. App. Ct. 274, 279-280 & n.11 (2005), *S.C.*, 448 Mass. 687 (2007). The defendant objected to the filing of the kidnapping indictment, requesting that it instead be dismissed as duplicative of the aggravated rape charge on which the Commonwealth had moved for sentencing.[2] The judge sentenced the defendant to serve eight to ten years in State prison on the charge of aggravated rape, with five years' probation from and after that sentence on the indecent assault and battery charge.[3] Consistent with the Commonwealth's request, the judge placed the indictment for aggravated kidnapping on file, to be dismissed after eight years (when the defendant became eligible for parole). The defendant timely appealed.

*Discussion.* 1. *Jury instructions on aggravated kidnapping.* The judge's placing the indictment for aggravated kidnapping on file over the defendant's objection was error. See *DuPont* v. *Superior Ct.*, 401 Mass. 122, 123 (1987). Because the defendant did not consent to the filing of the indictment, we consider the appellate issues raised on that charge. See *Commonwealth* v. *Paniaqua*, 413 Mass. 796, 797 n.1 (1992). The defendant argues that reversal is required because the jury were never instructed that possession of a dangerous weapon was an element of the

[2]The defendant took this position even though the appropriate remedy to address duplicative charges ordinarily is to dismiss the least serious charge necessary to resolve the duplication. See *Commonwealth* v. *Mello*, 420 Mass. 375, 398 (1995).

[3]The judge mistakenly referred to the charge of indecent assault and battery as "Count 3." While it was the third offense of which the defendant had been found guilty, it was actually count five of the indictment; count three was the armed robbery charge, on which the defendant was acquitted. The clerk correctly informed the defendant that he was being placed on probation for "offense 005," but the docket reflects the judge's misstatement.

aggravated kidnapping charge. To assess that argument, we must first address the elements that must be proved in order to convict a defendant of aggravated kidnapping pursuant to G. L. c. 265, § 26, third par.

Under the relevant portion of the statute, "[w]hoever commits any offense described in this section [the crime of kidnapping] while armed with a dangerous weapon *and* inflicts serious bodily injury thereby upon another person *or* who sexually assaults such person shall be punished by imprisonment in the state prison for not less than 25 years" (emphasis added). G. L. c. 265, § 26, third par., inserted by St. 1998, c. 180, § 63. Because the word "or" is presumed to be disjunctive, see *Eastern Mass. St. Ry.* v. *Massachusetts Bay Transp. Authy.*, 350 Mass. 340, 343 (1966), the quoted language sets out two alternative ways of committing the crime. One requires serious bodily injury, and the other requires sexual assault. The question remains whether both alternatives also require proof that the defendant possessed a dangerous weapon, or whether, as the Commonwealth has maintained throughout this prosecution, only the "serious bodily injury" prong requires such proof.[4]

We agree with the defendant that the statutory language can reasonably be interpreted as requiring that the defendant be armed under either prong. The language "[w]hoever commits any offense described in this section" (that is, kidnapping) is immediately followed by the qualifying phrase "while armed with a dangerous weapon," without any interceding punctuation, conjunction, or other indication that any pause was intended. This suggests that the "while armed" phrase was intended to modify the crime of kidnapping, with the paragraph thus intended to apply only to those who commit kidnapping "while armed." Cf. *Herrick* v. *Essex Regional Retirement Bd.*, 77 Mass. App. Ct. 645, 650 (2010). Moreover, the fact that the sentence relies on three active verbs ("commits," "inflicts," and "assaults") indicates that it should be broken into three pieces. When read

---

[4]Under the defendant's interpretation, the Commonwealth must prove two elements in addition to those of kidnapping: (1) that the defendant was armed with a dangerous weapon, and (2) that he either inflicted serious bodily injury or committed sexual assault. Under the Commonwealth's interpretation, it need prove only that the defendant either inflicted serious bodily injury while armed or committed sexual assault.

along with the connectors "and" and "or," this suggests that one has to "commit" kidnapping while armed, "and" either "inflict[]" serious bodily injury "or" sexually "assault[]" the victim. Under this reading, the language that follows the conjunction "and" sets forth an additional requirement that can be satisfied by either serious bodily injury or sexual assault.[5]

The defendant's interpretation is bolstered by case law. In *Jones* v. *Commonwealth*, 461 Mass. 1005, 1005 & n.1 (2012), the Supreme Judicial Court recently characterized this crime as "armed kidnapping with sexual assault." That reference amounts to dicta, because the elements of the crime were not at issue in that case. Still, the fact that the court parsed the statutory language in this manner provides strong evidence that the defendant's interpretation is plausible. See *DuPont* v. *Commissioner of Correction*, 448 Mass. 389, 394 n.13 (2007) (referring to the crime of "kidnapping while armed with a dangerous weapon and inflicting serious bodily injury or sexual assault"). Nor is the Supreme Judicial Court alone in reading the language this way. In its Felony and Misdemeanor Master Crime List (July, 2012), the State Sentencing Commission references the offense as "KIDNAPPING WITH SEXUAL ASSAULT, ARMED." In fact, in a case arising from a different county in which the elements of the crime were at issue, the Commonwealth itself contended that possession of a dangerous weapon was an element of the crime.[6,7] These multiple examples well document

---

[5]To be sure, the insertion of the word "who" after the "or" renders the defendant's interpretation somewhat grammatically awkward; that is, his reading would be more natural if the "who" simply were omitted. However, the use of the word "who" does not support the Commonwealth's interpretation either. Instead, if viewed in isolation, the "who" could be taken to suggest a third possible interpretation. Specifically, by harkening back to the "whomever" used earlier in the sentence, the use of the "who" might suggest that everything after the "or" creates an alternative prong to all that lies between the "whomever" and the "or" (and that one therefore could violate the statute by committing sexual assault without kidnapping). Given that the subject of the statute is kidnapping, this interpretation is not plausible in context.

[6]In an unpublished memorandum and order resolving that appeal pursuant to our rule 1:28, we accepted the Commonwealth's contention and characterized this offense as "forcibly confining and sexually assaulting the victim while armed with a dangerous weapon." *Commonwealth* v. *Clark*, 81 Mass. App. Ct. 1135 (2012).

[7]Dicta in *Commonwealth* v. *Wilcox*, 72 Mass. App. Ct. 344, 349 (2008),

that the defendant's interpretation of the statutory language is a plausible one.[8]

Because the defendant's interpretation is plausible, that interpretation prevails regardless of whether the Commonwealth's reading of the statutory language is also plausible (an issue we need not resolve).[9] See *Commonwealth* v. *Williamson*, 462 Mass. 676, 679 (2012), quoting from *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652 (1992) ("[W]hen a criminal statute can 'plausibly be found to be ambiguous,' the rule of lenity applies, and we 'give the defendant the benefit of the ambiguity' "). Accordingly, we conclude that the Commonwealth must prove that a defendant is "armed" to make out a violation of G. L. c. 265, § 26, third par.

Because there was no objection to the jury instructions on the kidnapping charge, we review to determine whether the omission of the "armed" element created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Palmer*, 59 Mass. App. Ct. 415, 425 (2003). A substantial risk of a miscarriage of justice exists when we have "serious doubt whether the result of the trial might have been different had the error not been made." *Commonwealth* v. *Azar*, 435 Mass 675, 687 (2002), quoting from *Commonwealth* v. *LeFave*, 430 Mass. 169, 174 (1999).

In this case, the Commonwealth's claim that the defendant was armed was based on Smith's testimony that when the defendant first approached her, he told her he had a knife. Smith testified that she never actually saw a knife, and no knife was discovered when the defendant was arrested later that day. In

---

offers some support for the Commonwealth's alternative parsing of the statutory language. However, as noted *infra*, whether the Commonwealth's interpretation is plausible is ultimately beside the point.

[8]Although we need not look beyond the text of the statute, it bears noting that the defendant's interpretation is also consistent with the statute's history. The third paragraph of G. L. c. 265, § 26, was inserted by § 63 of St. 1998, c. 180 ("An Act Relative to Gun Control in the Commonwealth"). It is thus "one of a number of provisions of the Gun Control Act which increase the penalties for various crimes when committed by offenders with named weapons." *Commonwealth* v. *Brown*, 47 Mass. App. Ct. 616, 622 (1999), *S.C.*, 431 Mass. 772 (2000).

[9]We do note that the Commonwealth's parsing of the sentence structure is at least as awkward as the defendant's.

addition, the jury acquitted the defendant of armed robbery, the only crime for which they were instructed that possession of a weapon was an element. Under these circumstances, we believe that the omission of the dangerous weapon element from the jury instructions on aggravated kidnapping was "sufficiently significant in the context of the trial to make plausible an inference that the [jury's] result might have been otherwise but for the error." *Commonwealth* v. *Alphas*, 430 Mass. 8, 13 (1999), quoting from *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 21 (1986). The guilty verdict on the aggravated kidnapping charge therefore must be set aside.[10,11]

2. *Double jeopardy.* a. *Rape and indecent assault and battery.* The defendant argues that his conviction of indecent assault and battery is duplicative of his conviction of aggravated rape. "Indecent assault and battery is a lesser included offense of rape." *Commonwealth* v. *Ortiz*, 47 Mass. App. Ct. 777, 779 (1999). However, convictions of both the greater and lesser offenses are permitted as long as they "rest on separate and distinct acts." *Commonwealth* v. *King*, 445 Mass. 217, 225 (2005), cert. denied, 546 U.S. 1216 (2006). As the jury's verdict slip indicates, the conviction of indecent assault and battery was premised on the victim's testimony that during the rape, the defendant instructed her to lift her shirt up, and then he himself lifted her bra and licked her breast. There is no merit to the defendant's argument that the rape and the licking of the victim's breast were both "part of a continuous stream of conduct occurring within a short time frame and governed by a single criminal design." *Commonwealth* v. *Howze*, 58 Mass. App. Ct. 147, 153 (2003). Unlike in *Howze*, where the defendant's indecent assault and

---

[10]This is not to say that the evidence was insufficient to support a jury finding that the defendant was armed. There is sufficient evidence where, as here, a defendant told the victim he was armed and had the time to dispose of the weapon before he was apprehended. See *Commonwealth* v. *King*, 69 Mass. App. Ct. 113, 117-118 (2007).

[11]The defendant separately contends that the statute is invalid on its face because, in providing for a sentence of "not less than 25 years," it fails to set out a high end for its sentencing range. This argument is foreclosed by *Commonwealth* v. *Logan*, 367 Mass. 655, 657 (1975), in which the Supreme Judicial Court held that under a statute which sets only a minimum term, "the maximum sentence permitted by the Legislature is presumed to be a life term so that the sentence cannot be said to be vague or uncertain."

battery conviction was predicated upon his removal of his victim's clothing, the conduct for which this defendant was convicted of indecent assault and battery was not "sufficiently bound up with and necessary to the act of penetration that due process forbids separating the conduct into discrete units for prosecution." *Ibid.* Although the defendant would have been entitled to a "separate act" instruction had he requested it, the absence of an instruction here did not create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Mamay*, 407 Mass. 412, 418-419 (1990); *Commonwealth* v. *Black*, 50 Mass. App. Ct. 477, 479 (2000). The jury's acquittal of the defendant on the indecent assault and battery charge more closely related to the rape bolsters our conclusion that, viewing the instructions as a whole, the requirement that the acts must be separate and distinct was properly conveyed.

b. *Aggravated kidnapping.* The defendant also argues that there was some duplication among the aggravated kidnapping charge and the other two charges of which he was convicted. Seen in its best light, the defendant's argument is that — because the only two theories of sexual assault before the jury as aggravating factors on the kidnapping charge were rape and indecent assault and battery, and he was separately convicted of both — one of those two crimes is necessarily a lesser included offense of the kidnapping charge. Compare *Commonwealth* v. *Vao Sok*, 435 Mass. 743, 759 (2002) (where the defendant was convicted of kidnapping, rape, and felony-murder, and the only two predicate felonies for the murder charge were rape and kidnapping, one of the predicate felonies must be dismissed as a lesser included offense).[12] Because the defendant was never sentenced on the aggravated kidnapping charge, and because we have determined that the guilty verdict on that charge must be set aside, there is currently no double jeopardy problem. See *Commonwealth* v. *Bell*, 455 Mass. 408, 419 (2009). Under the

---

[12]In *Commonwealth* v. *Dykens*, 438 Mass. 827, 840-841 (2003), the Supreme Judicial Court found no duplication between aggravated rape and kidnapping convictions where the jury had indicated on the verdict slip that they based the aggravated rape finding not only on kidnapping, but on other factors as well. However, in *Dykens*, unlike here, the verdict was based on at least one aggravating factor of which the defendant was not separately convicted. The same is true of *Commonwealth* v. *Wilcox*, 72 Mass. App. Ct. at 347.

particular circumstances of this case,[13] the possibility of a retrial is sufficiently remote that we defer consideration of the defendant's duplication argument at this time. This especially makes sense where the ultimate question of an appropriate disposition could raise considerations best addressed in the first instance in the trial court.[14]

*Conclusion.* The judgments on count one (aggravated rape) and count five (indecent assault and battery) of the indictment are affirmed. On count two (aggravated kidnapping), the case is remanded to the Superior Court and the indictment shall be brought forward and the guilty verdict shall be set aside. On remand, the docket shall be amended to reflect that the defendant was sentenced to probation on count five, not count three. See note 3, *supra.*

*So ordered.*

---

[13]The Commonwealth declined to pursue sentencing on the aggravated kidnapping charge even after obtaining a guilty verdict; it refused to dismiss this charge only because of the risk that a problem with the aggravated rape charge might materialize on appeal; and a new trial would require the Commonwealth to prove beyond a reasonable doubt that the defendant was armed. In addition, at oral argument, the Commonwealth stated that, in any further trial court proceedings, it would be bound by the "election" it had made to pursue the aggravated rape charge in lieu of the kidnapping charge.

[14]The ordinary remedy for duplication is dismissal of the least serious charge necessary to obviate the duplication (in this case, the conviction of indecent assault and battery). See *Commonwealth* v. *Mello*, 420 Mass. at 398. But see *Commonwealth* v. *Johnson*, 75 Mass. App. Ct. 903, 905-906 (2009) (rejecting a "rigid application" of the rule that the less serious charge is to be dismissed in the event of duplication; remanding the issue to the Superior Court for the parties to present "their arguments concerning the proper disposition of the case"). See also *Commonwealth* v. *Delgado*, 367 Mass. 432, 439-440 (1975) (where, in remanding a filed charge for sentencing, the court concluded that "[i]n the interest of justice, and considering the obvious intentions of the judge who imposed the original sentence, no sentence should be imposed which results in any period of incarceration of the defendant beyond that which he is required to serve on the sentence previously imposed").