After a jury trial, the defendant was convicted of indecent assault and battery on a child under fourteen years of age (count 3),[2] and two counts of indecent assault and battery on a person fourteen years of age or older (counts 6 and 7). On appeal, he claims that the latter two convictions are duplicative, requiring the dismissal of one. We affirm.
"Under the double jeopardy clause of the Fifth Amendment to the United States Constitution ..., no person may be convicted twice for the same offense." Commonwealth v. Horne, 466 Mass. 440, 449 (2013). Where a single statute is involved, we must decide "whether two ... discrete offenses were proved under that statute" or whether the conduct at issue constituted a single continuing offense. Commonwealth v. Dykens, 473 Mass. 635, 640 (2016), quoting from Commonwealth v. Traylor, 472 Mass. 260, 268 (2015). For the first time on appeal, the defendant claims that counts 6 and 7 were part of a continuing course of conduct. We disagree.
A defendant's actions underlying two counts of indecent assault and battery can lead to separate convictions and punishments as long as the conduct supporting one count of indecent assault and battery was not incidental and necessary to the other. See Commonwealth v. Suero, 465 Mass. 215, 221 (2013) ; Commonwealth v. Rodriguez, 83 Mass. App. Ct. 267, 273-274 (2013) (defendant's lifting up victim's bra and licking her breast separate and distinct act from rape). Here, the defendant was convicted of two counts of indecent assault and battery stemming from his conduct on March 31, 2014. As the judge explained to the jury, the allegation underlying the first act (count 6) was the defendant's indecent touching of the victim's buttocks, and the allegation underlying the second act (count 7) was the defendant's rubbing his penis on the victim's vagina. In general, with respect to all the indictments, the judge instructed the jury that they must consider each charge separately.[3]
Counts 6 and 7 called upon the Commonwealth to prove two separate and distinct actions. The defendant's touching of the victim's buttocks was not incidental and necessary to his rubbing his penis on her vagina. In other words, neither act was a necessary part of the other. See Commonwealth v. Howze, 58 Mass. App. Ct. 147, 152-153 (2003) (moving victim's underwear to side was "necessarily accomplished on the commission of the greater crime of rape"). In particular, the defendant unfastened his pants and rubbed his penis against the victim's vagina, simulating intercourse. He then put his hands down the victim's pants and touched her buttocks with his hands. Thus, the defendant's two convictions on counts 6 and 7 were based on two separate and distinct indecent touchings of the victim's body, neither of which was bound up with or necessary to complete the other act. See Rodriguez, supra. See also Commonwealth v. Fitzpatrick, 14 Mass. App. Ct. 1001, 1003 (1982) ("An indecent contact which is separate from and not incidental to the act of penetration does not merge with the crime of rape to constitute but a single offense ..."). The convictions were not duplicative, and thus, there was no error resulting in any miscarriage of justice.
Judgments affirmed.

The defendant does not challenge this conviction.

The defendant did not request a separate acts instruction, or a continuing course of conduct instruction, and he lodged no objection to the judge's charge.