Following a jury trial in the Superior Court, the defendant was convicted of two counts of indecent assault and battery on a child under the age of fourteen ( G. L. c. 265, § 13B ). On appeal, he contends that (1) the two indictments violate double jeopardy because the conduct was one continuous criminal act; (2) the trial judge erred in declining to answer a jury question as to whether the jury could come to a conclusion on one count and not on the other; (3) the judge erred in denying the defendant's request for an honest but mistaken belief instruction; and (4) the Commonwealth's expert's testimony was impermissible. We affirm.
Background. In the afternoon of July 30, 2014, William Gore was working as a contractor on the second floor of a house in Chelsea along with his coworker, Philip Farrell. They were in separate rooms. Gore heard a child crying and looked out the open window from which he could see into the kitchen of the adjacent home. He saw the defendant pry open the legs of the victim, the defendant's two year old niece, and repeatedly poke her in the vaginal area with his finger. Gore called to Farrell, who then joined Gore at the window and together they observed the defendant touch the victim's buttocks, backside, and inner thighs. The defendant attempted to kiss the victim's backside. Apparently noticing the contractors watching him, the defendant put the victim down, changed his shirt, and left the apartment.[2] Gore called 911 and reported the conduct. When the responding police officers arrived, a neighbor alerted the defendant that police officers were at the house. The defendant returned to the apartment. The victim was examined by a physician and exhibited no signs of physical trauma.
The defense at trial was that Gore and Farrell had misunderstood the conduct of the defendant, who was known to be physical with his family members, including tickling them.
Discussion. Double jeopardy. The defendant contends that his criminal conduct constitutes a single crime such that charging him with two separate counts -- one for touching the victim's vaginal area and one for touching the victim's inner thighs, lower back, and buttocks -- violates double jeopardy. Because the defendant engaged in two distinct acts, neither of which was necessary or incidental to the other, we disagree. Gore witnessed the first act -- the defendant's poking his finger into the victim's vaginal area. Later, both Gore and Farrell witnessed the second act -- the defendant's touching of the victim's inner thighs, lower back, and buttocks. Thus, one act was not "sufficiently bound up with and necessary" to the commission of the other act that "due process forbids separating the conduct into discrete units for prosecution" (quotation omitted). Commonwealth v. Rodriguez, 83 Mass. App. Ct. 267, 274 (2013).
Jury question. Next, the defendant maintains that the judge erred in his response to one of the three questions posed by the jury during their deliberations. Specifically, the jury asked two questions related to the definition of vaginal area and also asked, "Can we come to a conclusion on one count and not go to a conclusion on the second count?" Reasoning that it was premature to give a Tuey-Rodriquez charge because there was no indication that the jury were deadlocked,[3] the judge responded:
"I am going to decline to answer this question at this time as it seems a bit too hypothetical to me. I've just given you answers to some questions which may assist you in reaching a verdict on at least one of the indictments. I suggest that you now return and deliberate further on the case having gotten those instructions. If you are in fact having difficulty reaching unanimity on either indictment and wish to bring that to my attention or seek instruction about that situation, you may do so if you wish and when that occurs."
Viewed in light of the jury instructions as a whole, Commonwealth v. Bois, 476 Mass. 15, 26 (2016), which here included instructions that each indictment was separate and that the verdict on each indictment had to be unanimous, we discern no abuse of discretion in the judge's response. See Commonwealth v. Rodriquez, 364 Mass. 87, 100 (1973) ("[T]he charge has a sting and our approval of it is not to be taken as an indication that it may be used prematurely or without evident cause").
Honest but mistaken belief instruction. Citing Commonwealth v. Pressley, 390 Mass. 617, 619-620 (1983), the defendant also argues that the judge erred in declining his request for an honest but mistaken belief instruction with regard to the contractors' observations of the defendant's actions against the victim. Pressley, supra at 619, concerns the issue of misidentification of the assailant by an eyewitness. See Commonwealth v. Gomes, 470 Mass. 352, 366 (2015) (discussing scientific consensus regarding variables affecting reliability of eyewitness identification). Here, however, there was no dispute as to the identity of the assailant. Further, the judge instructed the jury to consider several factors when evaluating a witness's credibility, including, inter alia, the probability or improbability of the testimony, the witness's opportunity to see the facts to which he testified, and the accuracy of the witness's memory. Accordingly, there was no abuse of discretion.
Expert witness. Finally, the defendant asserts that the scope of the Commonwealth's expert's testimony regarding the absence of physical signs of abuse exceeded the bounds of appropriate expert testimony. We disagree. "[I]t is well within the province of a medical expert witness to explain that an absence of physical findings does not necessarily indicate an absence of [child sexual] abuse" (quotation omitted). Commonwealth v. Lawton, 82 Mass. App. Ct. 528, 540 (2012).
Judgments affirmed.

The defendant was alone with the victim for approximately thirty minutes.

See Commonwealth v. Rodriquez, 364 Mass. 87, 101-102 (1973) ; Commonwealth v. Tuey, 8 Cush. 1, 2-3 (1851).