COMMONWEALTH *vs.* BRAD A. HOWZE.

No. 01-P-601.

Norfolk. November 13, 2002. - May 16, 2003.

Present: BROWN, BERRY, & COHEN, JJ.

*Indecent Assault and Battery. Rape. Practice, Criminal,* Duplicative convictions, Lesser included offense, Sentence. *Constitutional Law,* Double jeopardy.

At the trial of indictments charging statutory rape of a child and indecent assault and battery on a child under fourteen years of age, the evidence was insufficient to prove beyond a reasonable doubt that the defendant committed an indecent assault and battery independent of the statutory rape, where the defendant's acts were part of a continuous stream of conduct occurring within a short time frame and governed by a single criminal design; consequently, the defendant's convictions and sentences with respect to the offenses were duplicative and, as a result, reversal as to the lesser offense (indecent assault and battery on a child) was required. [148-153]

INDICTMENTS found and returned in the Superior Court Department on August 19, 1998.

The cases were tried before *Robert A. Mulligan,* J.

*Peter M. Onek,* Committee for Public Counsel Services, for the defendant.

*Brian A. Wilson,* Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant was convicted of rape of a child, G. L. c. 265, § 23, and indecent assault and battery on a child, G. L. c. 265, § 13B. On appeal, the defendant alleges that (1) the evidence was insufficient to prove beyond a reasonable doubt that the defendant committed an indecent assault and battery independent of the statutory rape, and therefore his convictions and sentences with respect to these offenses were duplicative; (2) the judge failed to instruct the jury that in order to convict the defendant of indecent assault and battery they had

to find sufficient evidence of that offense independent of the evidence relating to statutory rape; and (3) the trial judge considered improper factors in fixing the defendant's sentence on the rape conviction.

*Facts.* To address the relatively narrow claims raised by the defendant, we set out only the cardinal facts pertinent to the issues raised. The victim, a thirteen year old girl, ran away from home after an argument with her parents. After a further argument with her boyfriend, she found herself alone at a bus depot in a nearby town. There, the defendant approached her in his car and offered to find a place for her to stay overnight.

The defendant drove the victim to a nearby motel, where he rented a room. Once inside the room, the defendant assaulted the victim. According to the victim, he threw her down on the bed on her back, got "on top of [her]," and pulled her jeans halfway off as she screamed and kicked at him. He stubbed his toe and yelled, "ouch." At that point, someone knocked on the door. The defendant opened the door slightly, and a woman asked, "Is everything okay?" He talked to her a few minutes. During that time the victim ran into the bathroom. After the woman left, the defendant banged on the bathroom door and warned the victim "to come out of the bathroom or he would kill [her]." When she came out, he threw her back down on the bed, pulled her jeans, the skirt she was wearing under her jeans, and her underwear down to her ankles, and engaged in vaginal intercourse with her. The defendant then left the room after warning the victim that he would kill her if she reported the incident.

The next morning the victim was reunited with her family through means not relevant here. After some delay, she reported the rape to her parents. A rape kit was prepared at a local hospital, and forensic testing ultimately linked the defendant (at least statistically) to semen recovered from the victim's body and clothing. The victim also identified the defendant as her attacker.

Other relevant details are included in our analysis as necessary.

*Analysis.* The defendant contends that the convictions of indecent assault and battery on a child under fourteen and statu-

tory rape are duplicative because there is insufficient evidence of an act constituting indecent assault and battery separate from the rape, and the former crime is a lesser included offense of the latter. In Massachusetts, a single act may provide the basis for multiple convictions and penalties so long as none of the offenses involved is a lesser included crime of the other. See *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. 382, 386-388 (1998). See also *Commonwealth* v. *Valliere*, 437 Mass. 366, 371 (2002). For the purposes of determining whether an offense is included within another, a strict elements-based analysis is used. See *Commonwealth* v. *Arriaga*, *supra*; *Commonwealth* v. *Valliere*, *supra*. See also *Commonwealth* v. *Buckley*, 410 Mass. 209, 222 (1991), citing *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871). Stated simply, where each of two crimes has an element the other does not, neither is a lesser included offense of the other, regardless of any subjective similarity of the offenses or unity of the criminal act on which they are based. See *Commonwealth* v. *Valliere*, 437 Mass. at 371. See also *Commonwealth* v. *Crocker*, 384 Mass. 353, 357 (1981). The rationale for permitting multiple punishments in such situations derives from the view that where "neither crime is a lesser-included offense of the other, . . . convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative]" for double jeopardy purposes. *Commonwealth* v. *Jones*, 382 Mass. 387, 393 (1981). See *Commonwealth* v. *Crocker*, 384 Mass. at 360; *Commonwealth* v. *Oliveira*, 53 Mass. App. Ct. 480, 482-484 (2002).

Where the elements of one offense are wholly a subset of those of another, however, the crimes are deemed lesser and greater offenses. Double jeopardy principles ordinarily[1] forbid the imposition of multiple penalties for such cognate crimes,

[1]Whether under the Federal Constitution or the Massachusetts common law rule, the concept of double jeopardy embraces three discrete forms of protection: protection from subsequent prosecution after conviction on the same or a related offense; protection from subsequent prosecution after acquittal on the same or a related offense; and protection from multiple punishments for convictions of the same or a related offense in a single proceeding. See *Luk* v. *Commonwealth*, 421 Mass. 415, 419 (1995). This last protection, however, is subject to legislative override. Specifically, where expressly authorized by statute, a court lawfully may impose multiple punishments for cognate offenses based on a single act. See *Missouri* v. *Hunter*, 459 U.S. 359 (1983).

provided they arise out of a single criminal act. See *Missouri* v. *Hunter*, 459 U.S. 359, 366-369 (1983); *Shabazz* v. *Commonwealth*, 387 Mass. 291, 293-295 (1982). Here, the crimes at issue, indecent assault and battery of a child and statutory rape, are cognate offenses; specifically, indecent assault and battery is a lesser included offense of statutory rape, at least as G. L. c. 265, § 13B, is codified since its amendment by St. 1986, c. 187.[2] As amended, G. L. c. 265, § 13B, does not require proof of lack of consent. Thus, it contains no element not subsumed within the elements of statutory rape.[3] As a result, if there is any possibility that the jury's verdicts here were premised on a single act, reversal as to the lesser offense (indecent assault and battery on a child) would be required. See *Commonwealth* v. *Thomas*, 400 Mass. 676, 681-682 (1987); *Commonwealth* v. *Pinero*, 49 Mass. App. Ct. 397, 399-499 (2000).

On appeal, the Commonwealth contends that the jury were, in fact, presented with discrete acts with respect to the two offenses; namely, the defendant's acts of "climbing on top of the victim . . . and pulling her jeans, skirt and underwear down to her ankles . . . together constituted"[4] the indecent assault and battery, and that the subsequent penetration of her vagina was

See also *Commonwealth* v. *Jones*, 382 Mass. at 393-394. A familiar example involves punishment both for distribution of an illegal drug, and for the same offense within a school zone. See G. L. c. 94C, §§ 32, 32A, 32B, 32C, and G. L. c. 94C, § 32J.

[2] Prior to the 1986 amendment of G. L. c. 265, § 13B, conviction of indecent assault and battery on a child required proof of lack of consent (or of lack of capacity to consent). That element was removed by St. 1986, c. 187. See *Commonwealth* v. *LeFave*, 407 Mass. 927, 943 (1990).

[3] Although the age elements (under sixteen with respect to G. L. c. 265, § 23, and under fourteen with respect to G. L. c. 265, § 13B) do not align precisely, this discrepancy is irrelevant to the question whether the latter crime is a lesser included offense of the former under the principles delineated in *Commonwealth* v. *Walker*, 426 Mass. 301, 304-306 (1997).

[4] The Commonwealth, in arguing that the acts *"together* constituted" (emphasis supplied) the indecent assault and battery, refers both to pages of the transcript in which the victim describes the initial incident, before the interruption (the defendant's lying on top of her and pulling her jeans, but not her skirt underneath or underpants, halfway down) and to pages in which the victim describes the beginning of the rape, when the defendant pulled down her jeans, skirt, and underpants. The Commonwealth does not argue that the initial incident alone constitutes an indecent assault and battery, and we do not consider that question.

the basis for the rape conviction. There are, however, multiple problems with this approach.

First, the trial judge failed to inform the jury in his charge — either explicitly or through implication — that in order to find the defendant guilty of both offenses they were required to find independent acts sufficient to satisfy the elements of each crime. See *Commonwealth* v. *Juzba*, 46 Mass. App. Ct. 319, 325 (1999) (no need to determine on appeal whether sufficient separate evidence existed to support distinct act, because judge did not instruct jury that conviction of indecent assault and battery must be based on separate act from rape; indecent assault and battery conviction vacated as duplicative). See also *Commonwealth* v. *Thomas*, 400 Mass. at 681-682 (no need to consider whether evidence of separate act existed, because judge did not instruct jury that convictions must be based on separate acts; that instruction was law of the case, and conviction of indecent assault and battery was vacated as duplicative). Compare *Commonwealth* v. *Maldonado*, 429 Mass. 502, 509-510 (1999) (multiple convictions and sentences for cognate offenses permissible where judge expressly charged jury that each conviction must be predicated on discrete act). On the basis of the instructions given, it is impossible for us to know on what facts each conviction rests. It is entirely possible that the criminal act relied upon by the jury with respect to both verdicts was the rape. See *Commonwealth* v. *Zane Z.*, 51 Mass. App. Ct. 135, 141 (2001). Contrast *Commonwealth* v. *Black*, 50 Mass. App. Ct. 477, 479 (2000) (reversal not required where manner of presentation of evidence and instructions overall adequately identified separate conduct on which cognate counts were based).

In urging the opposite view, the Commonwealth lays much emphasis on the fact that the prosecutor told the jury that the rape count was based on the evidence of penetration and the indecent assault and battery charge was based on "sexual[] touching." In context, however, it is certainly plausible — if not probable — that the jury might have understood the reference to "sexual touching" to relate to the rape itself.[5] Moreover, it was not argued to the jury that the acts in the first incident —

---

[5] In *Commonwealth* v. *Black*, 50 Mass. App. Ct. at 479, although failing to give a specific charge advising the jury that convictions for each of the

lying on top of the victim and pulling her jeans halfway down — constituted an indecent assault and battery, and an average juror might not have considered whether those acts amounted to an indecent assault and battery.[6] For these reasons, we find that the requisite substantial risk of a miscarriage of justice was created by the potential confusion, and reversal of the conviction of indecent assault and battery on a child is required on this basis alone. See *Commonwealth* v. *Juzba*, 46 Mass. App. Ct. at 325 (reversal required where judge did not instruct that convictions for indecent assault and battery and rape must be based on separate acts; unnecessary to determine whether there was sufficient evidence of potentially described adequate independent act); *Commonwealth* v. *Zane Z.*, 51 Mass. App. Ct. at 141. See also *Commonwealth* v. *Thomas*, 400 Mass. at 681-682. See generally *Commonwealth* v. *Jones*, 382 Mass. at 394-395.

With regard to the removal of the victim's underpants in the second incident (after the interruption), even had the jury been charged that the statutory rape count rested solely on evidence of the penetration and that the indecent assault and battery count related exclusively to the removal of the victim's underpants, multiple convictions and punishments would not be permissible here. Whenever a defendant is convicted of cognate offenses — i.e., where one is a lesser included offense of the other — it is necessary to consider not only whether the crimes have been adequately pegged to separate acts, but also whether those nominally separate acts are "so closely related in fact as

cognate crimes must rest on an independent act, the judge referred to the actual trial evidence supporting each separate charge in explaining the elements of the various counts. This was deemed sufficient, if only minimally so, to alert the jury to the fact that each count was identified to a separate act. Nothing of the sort occurred here. Indeed, in his perfectly satisfactory but largely generic instructions on indecent assault and battery, the judge in this case stated that the types of contact that would support a conviction involved touching the "breasts," the "genital area," "near the genital area," or "the upper inner thigh, no more than two inches away from the vaginal area." An average juror, without further explanation, is likely to have associated such forms of very intimate touching much more strongly with the actual rape than with the removal of the victim's clothing.

[6]Cf. *Commonwealth* v. *Oliveira*, 53 Mass. App. Ct. at 481, 487 (leaning on top of victim and unbuttoning her pants constituted indecent assault and battery). In the present case, unlike the facts in the *Oliveira* case, the victim was wearing an additional piece of clothing, a skirt, under her jeans.

to constitute but a single crime."[7] *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979). Where the practical coincidence of the acts is sufficiently great, even where it is theoretically possible to parse them temporally, spatially, or otherwise, multiple convictions and punishments are not permissible. See *Commonwealth* v. *Thomas*, 401 Mass. 109, 111, 120 (1987).

In this case, we conclude that the act of removing the victim's clothing was sufficiently bound up with and necessary to the act of penetration that due process forbids separating the conduct into discrete units for prosecution. All were part of a continuous stream of conduct occurring within a short time frame and governed by a single criminal design. See *Commonwealth* v. *Morin*, 52 Mass. App. Ct. 780, 788 (2001) (removal of victim's shorts not sufficiently factually distinct from indecent touching of breasts to support multiple convictions). This unity of time, place, and intent, at least in the particular facts of this case, provides an independent basis for reversing the conviction of indecent assault and battery on a child.

In view of the foregoing, it is ultimately unnecessary to reach the merits of the defendant's other contention, to wit, whether the judge considered improper factors in fixing the defendant's sentence on the rape count.[8] To the extent that the defendant's sentence with respect to his conviction of statutory rape may have been influenced by his conviction of the other serious

[7]To be clear, this principle applies only to situations in which cognate crimes are involved. Where neither offense is a lesser included crime of the other, multiple punishments are permitted even where the offenses arise out of the very same act, let alone closely related acts. Stated differently, the whole question whether two offenses are "so closely related in fact as to constitute but a single crime" is relevant only to situations in which the offenses involved are lesser and greater crimes by reference to the principles of *Morey* v. *Commonwealth*, 108 Mass. at 434. As the Supreme Judicial Court noted in *Commonwealth* v. *Crocker*, 384 Mass. at 359, the opposite approach would "run[] the risk of unnecessary intrusion into the legislative prerogative to define crimes and fix punishments." See also Michel, Multiple Convictions Based on a Single Criminal Act, 86 Mass. L. Rev. 163, 166-168 (2002). Indeed, the court in *Crocker* expressly overruled any prior decisions to the extent that they suggested that it was ever necessary to look beyond an elements-based standard in determining whether multiple punishments were permissible in the case of noncognate crimes. See *Commonwealth* v. *Crocker*, 384 Mass. at 361. See also *Commonwealth* v. *Arriaga*, 44 Mass. App. Ct. at 386-387.

[8]The defendant contends that the judge relied on erroneously admitted evidence that the victim told the defendant she was thirteen years old.

charge, i.e., indecent assault and battery of a child, we deem it necessary to remand the case so that the judge has the opportunity, in his discretion, to resentence in any event. See *Commonwealth* v. *Robinson*, 26 Mass. App. Ct. 441, 446-447 (1988).

Needless to say, while a judge is entitled to consider a very wide range of factors in a sentencing decision, a defendant should not be penalized on the basis of considerations not properly part of the record before the judge or not relevant to the crimes charged. See *Commonwealth* v. *Coleman*, 390 Mass. 797, 809-810 (1984). Without commenting on the propriety of the prior proceedings, we are confident that on resentencing, the sentence imposed will be informed wholly by proper factors.

On the indictment for indecent assault and battery on a child under the age of fourteen (indictment 105967), the judgment is reversed, the verdict is set aside, and the indictment is to be dismissed. On the indictment for rape of a child (indictment 105965), the matter is remanded to the trial court for reconsideration of the sentence; the judge may, in his discretion, vacate the judgment and impose a new sentence.

*So ordered.*