COMMONWEALTH vs. MAXIMO SUERO.

Essex. January 10, 2013. - May 17, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, & DUFFLY, JJ.

*Rape. Indecent Assault and Battery. Practice, Criminal,* Lesser included offense, Duplicative convictions, Double jeopardy, Instructions to jury. *Constitutional Law,* Double jeopardy.

This court vacated a criminal defendant's conviction of indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B, where the offense constituted a lesser included offense of the defendant's conviction of rape of a child under the age of sixteen, in violation of G. L. c. 265, § 23, in that the act of moving the victim's underwear to the side was necessarily accomplished on the commission of the greater crime of rape, and in that the defendant's actions occurred in a single stream of conduct governed by a single criminal design. [218-221]

This court concluded that in circumstances in which a criminal defendant is charged with indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B, and rape of a child under the age of sixteen, in violation of G. L. c. 265, § 23, the issue whether the Commonwealth has presented facts to support each charged crime beyond a reasonable doubt is a matter for the jury, and the judge must instruct the jury on separate and distinct acts; further, on a request by the defendant for judgment notwithstanding the verdict, the judge shall determine whether separate and distinct acts support convictions of both crimes. [221-223]

INDICTMENTS found and returned in the Superior Court Department on February 22, 2006.

The cases were tried before *John T. Lu,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Emily Cardy,* Committee for Public Counsel Services, for the defendant.

*Ronald DeRosa,* Assistant District Attorney (*Michael Patten,* Assistant District Attorney, with him) for the Commonwealth.

IRELAND, C.J. We granted the defendant's application for further appellate review limited to whether the defendant's conviction of indecent assault and battery on a child under the

age of fourteen years, in violation of G. L. c. 265, § 13B, was duplicative of his conviction of rape of a child under the age of sixteen years, in violation of G. L. c. 265, § 23 (statutory rape).[1] In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court concluded that the charges were not duplicative, and affirmed the convictions. *Commonwealth* v. *Suero*, 81 Mass. App. Ct. 1108 (2012). Because we conclude that a judge must determine whether a defendant's conduct constitutes separate acts that are sufficiently distinct to support convictions of indecent assault and battery on a child under fourteen and statutory rape, and that here the defendant's actions underlying the two convictions were not separate and distinct, we vacate the defendant's conviction of indecent assault and battery on a child under fourteen and affirm his conviction of rape of a child under sixteen.

*Background facts.* We present the essential facts the jury could have found. In 2005, the defendant moved in with his girl friend and her four children, two boys and two girls. The victim, who was nine years old, shared a bed with her sister in one bedroom. The two boys also shared a bedroom down the hall from the girls' bedroom.

On December 28, 2005, the victim watched television until 8 P.M., her usual bedtime. The defendant had just returned home. The victim, wearing shorts and a tank top, joined her sister, who was already in bed.

While she slept, the victim felt someone hit her face and move her over to the edge of the bed. Although the bedroom light was off, the light coming from the kitchen and through the window illuminated her room so that she could see the defendant kneeling next to her side of the bed. When the defendant asked her to move over closer to him, the victim recognized his

---

[1] The docket incorrectly reflects the defendant's conviction of rape of a child under sixteen by force, in violation of G. L. c. 265, § 22A, and should be modified to show his conviction of statutory rape, in violation of G. L. c. 265, § 23. "Under Mass. R. Crim. P. 4 (d), 378 Mass. 849 (1979), a judge has discretion to allow an amendment of an indictment if the amendment is one of form, not substance, and if the amendment will 'not result in prejudice.' " *Commonwealth.* v. *Roby*, 462 Mass. 398, 403 (2012), quoting *Commonwealth* v. *Miranda*, 441 Mass. 783, 787 (2004). Here, the judge's instructions to the jury regarding G. L. c. 265, § 23, demonstrate that he allowed the Commonwealth's oral motion to amend the indictment.

voice. Once she had moved closer to the edge of the bed, the defendant pulled her underwear and shorts to the side. He then put his mouth in her "private" and moved it around. She told him to stop, but he did not. After "back[ing] away a little," the defendant "slip[ped his fingers] closer to [her] private," "opened [it] with his fingers" and started to "lick [it]." The victim told him to go to his room. He stated, "Just wait," and left the girls' room.

The victim got out of bed and was making her way down the hall to her brothers' room when she saw the defendant in the bathroom. As she passed by, the defendant told her not to tell her family because they would "put [him] in jail" or "kill [him]." He also stated that he had two daughters of his own and that he would "never do that to them."

The victim continued down the hall to her brothers' room, then went with one of her brothers to the living room, where they began watching a movie to "get [her] mom's attention." The mother, who was awakened by the defendant's coming to bed, saw the lights on in the dining room through the bottom of the door and got up to shut them off. When she saw the children in the living room, the victim told her something "really, really serious" had happened. After being told what had occurred, the mother telephoned 911. The victim was taken to a hospital for examination.

On February 22, 2006, an Essex County grand jury returned indictments charging the defendant with rape of a child with force, G. L. c. 265, § 22A, and indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B. The Commonwealth amended the two indictments to include the specific acts related to the charges. For the indictment alleging a violation of G. L. c. 265, § 22A, the charges stated, "hav-[ing] sexual intercourse and/or unnatural intercourse with . . . a child under sixteen years of age, . . . to wit: by means of oral penetration or digital penetration." For the indictment alleging a violation of G. L. c. 265, § 13B, the charges stated, "commit[ting] an indecent assault and battery on . . . a child under fourteen years, to wit: by moving the child's shorts and underwear to the side."[2] Prior to trial, the Commonwealth

---

[2]The verdict slips submitted to the jury reflect the same language.

amended the indictment charging rape of a child with force to statutory rape. See note 1, *supra.*

The defendant moved for required findings of not guilty at the close of the Commonwealth's case and the close of all evidence, and for a judgment notwithstanding the verdict after the jury's verdicts, arguing that his conduct was not separate and distinct because the moving of the clothing was necessary to the rape. Citing to the facts, the Superior Court judge denied the defendant's motions.

The judge instructed the jury: "The alleged proof of [indictments] 1 and 2 must be based on proof of wholly separate acts. Stated another way, [indictments] 1 and 2 cannot be proven by a single act." He also instructed that the jurors "must be unanimous as to which specific act constitutes the offense charged." After the jury found the defendant guilty of both charges, the judge sentenced the defendant to from four to five years in State prison for the rape conviction, to be followed by ten years' probation for the indecent assault and battery conviction.

*Discussion.* The Commonwealth argues that the defendant's convictions should be upheld because the evidence supported convictions of both crimes, and the jury, after being properly instructed that the crimes "must be based on proof of wholly separate acts,"[3] found the defendant guilty.

The defendant asserts, as he did below, that his conviction of indecent assault and battery on a child under the age of fourteen should be vacated because it is duplicative of his conviction of rape of a child under sixteen and violates his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. He argues that his actions were "so closely related in fact as to constitute in substance but a single crime." *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 662-663 (1979). He also argues that this case is more analogous to *Commonwealth* v. *Howze,*

---

[3]Where there is a question whether the defendant's conduct constituted separate and distinct acts or was part of a single criminal episode, the jury must be instructed accordingly. *Commonwealth* v. *Maldonado,* 429 Mass. 502, 509-510 (1999) (defendant's conduct of shooting gun twice, but not consecutively, warranted instruction that each crime must be proved by separate and distinct acts).

58 Mass. App. Ct. 147, 153 (2003) (charge of indecent assault and battery vacated because removal of victim's clothing was "sufficiently bound up with and necessary to" rape), than to *Commonwealth* v. *Maldonado*, 429 Mass. 502, 509-510 (1999) (convictions of assault and battery by means of dangerous weapon and murder upheld where defendant shot two victims, then made sure victims were dead by shooting each a second time). We conclude that, in these circumstances, the charges of assault and battery on a child under fourteen, and rape of a child under sixteen are duplicative. See *Commonwealth* v. *Mamay*, 407 Mass. 412, 418 (1990), quoting *Commonwealth* v. *Thomas*, 401 Mass. 109, 120 (1987) (noting distinction between situations where indecent assault and battery and rape constitute one crime and situations where offenses were "separate and incidental").

"Under our long-standing rule derived from *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871), a lesser included offense is one whose elements are a subset of the elements of the charged offense." *Commonwealth* v. *Porro*, 458 Mass. 526, 531 (2010). "[W]hether two offenses are 'so closely related in fact as to constitute in substance but a single crime,' . . . becomes pertinent in a single criminal proceeding where one crime is a lesser included offense of the other." See *Commonwealth* v. *Vick*, 454 Mass. 418, 435 (2009), quoting *Commonwealth* v. *St. Pierre*, *supra* at 662-663. Because the Fifth Amendment guarantees that "no person may be twice placed in jeopardy for the same criminal offense," *Cruz* v. *Commonwealth*, 461 Mass. 664, 670 (2012), "[c]onvictions of both greater and lesser included acts are permitted only where they 'rest on separate and distinct acts.' " *Commonwealth* v. *Gouse*, 461 Mass. 787, 798 (2012), quoting *Commonwealth* v. *Jackson*, 80 Mass. App. Ct. 528, 529 (2011).

We conclude, and the parties do not contest, that where a child is under the age of fourteen, the crime of indecent assault and battery on a child under fourteen, in violation of G. L. c. 265, § 13B, is a lesser included offense of the crime of rape of a child under sixteen, in violation of G. L. c. 265, § 23.[4] See

---

[4]We have also concluded that indecent assault and battery on a child over fourteen is a lesser included offense of forcible rape of a child under sixteen

*Commonwealth* v. *Howze, supra* at 150 ("[I]ndecent assault and battery of a child and statutory rape[] are cognate offenses; specifically, indecent assault and battery is a lesser included offense of statutory rape, at least as G. L. c. 265, § 13B, is codified since its amendment by St. 1986, c. 187").[5] The parties disagree whether the defendant's actions were sufficiently separate and distinct to comprise more than one criminal act.

We conclude that, in the circumstances here, convictions of the greater offense of statutory rape, and the lesser included offense of indecent assault and battery, were not based on separate and distinct acts. See *Commonwealth* v. *King*, 445 Mass. 217, 225 (2005), cert. denied, 546 U.S. 1216 (2006), and cases cited; *Commonwealth* v. *Howze, supra* at 153 (where criminal act of indecent assault and battery necessary to act of rape, "due process forbids separating the conduct into discrete units for prosecution"). Like the defendant's actions in *Commonwealth* v. *Howze, supra*, here, the moving of the victim's underwear to the side was "necessarily accomplished on the commission of the greater crime of rape." *Commonwealth* v. *D'Amour*, 428 Mass. 725, 748 (1999). Additionally, the defendant's actions occurred "in a single stream of conduct" that was "governed by a single criminal design." *Commonwealth* v. *Howze, supra.* Cf. *Commonwealth* v. *Neils N.*, 73 Mass. App. Ct. 689, 697 (2009) (acts supporting assault and battery and rape indictments were "separate in time, the form of the conduct, and the defend-

---

years, the crime for which the defendant was initially indicted. See note 1, *supra*; *Commonwealth* v. *Egerton*, 396 Mass. 499, 503 n.3 (1986) ("We assume that indecent assault and battery is a lesser included offense of forcible rape of a child under sixteen years of age in violation of G. L. c. 265, § 22A"). See also *Commonwealth* v. *Roderiques*, 462 Mass. 415, 422-424 (2012) (wanton or reckless behavior causing risk of injury or sexual abuse of child, G. L. c. 265, § 13L, is lesser included offense of causing substantial bodily injury to a child by means of assault and battery, G. L. c. 265, § 13J [b]); *Commonwealth* v. *Thomas*, 401 Mass. 109, 119-120 (1987) (indecent assault and battery, G. L. c. 265, § 13H, is lesser included offense of rape, G. L. c. 265, § 22).

[5]The elements of indecent assault and battery on a child are "(1) indecent assault and battery on (2) a child under the age of fourteen." *Commonwealth* v. *Knap*, 412 Mass. 712, 714 (1992). The "elements of statutory rape are (1) sexual intercourse or unnatural sexual intercourse with (2) a child under sixteen years of age." *Commonwealth* v. *Roby*, 462 Mass. 398, 404 (2012), citing *Commonwealth* v. *Knap*, 412 Mass. 712, 714 (1992). Where the child is under fourteen, the elements of the former crime are subsumed into those of the latter crime. See *Commonwealth* v. *Roderiques, supra* at 423.

ant's intent"). To be sure, a defendant's actions underlying charges of indecent assault and battery on a child under fourteen and rape can lead to separate convictions and punishments.[6] However, here, the conduct supporting the indecent assault and battery was incidental and necessary to the rape, and the two crimes were duplicative. See *Commonwealth* v. *Porro*, 458 Mass. 526, 534 (2010) (because "elements in threatened battery are generally incidental to an intentional assault and battery," crimes are duplicative).

The prohibition against duplicative convictions ensures that "the court does not exceed its legislative authorization by imposing multiple punishments for a single legislatively defined offense." *Commonwealth* v. *Crocker*, 384 Mass. 353, 360 (1981). In other criminal contexts, this court has determined whether the Legislature intended to punish conduct for two or more charges, where the conduct may have constituted one criminal act. See *Commonwealth* v. *Jones*, 382 Mass. 387, 394 (1981) (Legislature did not intend "to punish a defendant for the two less serious motor vehicle offenses if [the defendant] is already being punished under the most serious offense of manslaughter"); *Kuklis* v. *Commonwealth*, 361 Mass. 302, 308 (1972) ("it was not the legislative intent that a defendant should be punished for both possession of a drug and being present where the drug was kept, where the two charges involve the same time and place, and the identical mass of a single drug"). We reach the same conclusion here.

We next address the issue whether a jury or a judge should decide whether a defendant, who has been charged with indecent assault and battery on a child and statutory rape, has committed actions that are sufficiently separate and distinct as to factually comprise different crimes. See *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979). The Commonwealth points out that

---

[6]See, e.g. *Commonwealth* v. *Hoyt*, 461 Mass. 143, 145, 147 (2011) (defendant charged with indecent assault and battery on child under fourteen and rape of child under sixteen by force on allegations of "sexualized touching" and sexual assault of victim); *Commonwealth* v. *Porges*, 460 Mass. 525, 526-527 (2011) (indecent assault and battery charges based on allegation of years of genital touching and rape with force charges based on allegation of rape); *Commonwealth* v. *Rodriguez*, 83 Mass. App. Ct. 267, 273-274 (2013) (defendant's lifting up victim's bra and licking her breast separate and distinct act from rape).

a conflict exists in our case law regarding this issue. See *Commonwealth* v. *Keohane*, 444 Mass. 563, 575 (2005) ("[T]he judge may determine whether the actions of a defendant are so closely related in fact as to constitute in substance but one crime"); *Commonwealth* v. *Maldonado*, 429 Mass. 502, 509 (1999) (with judge's instruction, jury decide whether crimes are separate and distinct acts). The Commonwealth asserts that, in the circumstances here, there was no error because the jury, who had been presented with evidence to support both crimes and had been properly instructed, found the defendant guilty of two separate acts.

Whether the Commonwealth has presented facts to support each charged crime beyond a reasonable doubt is a matter for the jury, and the judge must instruct the jury on separate and distinct acts. See *Commonwealth* v. *Roderiques*, 462 Mass. 415, 424-425 (2012); *Commonwealth* v. *Maldonado*, *supra*. In addition, because the guarantee that "no person may be twice placed in jeopardy for the same criminal offense," *Cruz* v. *Commonwealth*, 461 Mass. 664, 670 (2012), and cases cited, applies to situations such as this one, a judge also must determine whether the convictions violate the defendant's rights under the double jeopardy clause of the Fifth Amendment and Massachusetts statutory and common law. See *id.* As a matter of first impression, we conclude that on the request of defense counsel for a judgment notwithstanding the verdict, a judge shall determine whether separate and distinct acts support convictions of both indecent assault and battery on a child under fourteen and statutory rape. The standard of review for such a determination is an abuse of discretion or other error of law.

Our conclusion should not be interpreted to mean we wish to impinge on the Commonwealth's right to prosecute where a single criminal event may result in charges for a number of crimes. "The Commonwealth has broad discretion in deciding whether to prosecute a case; judicial review of these decisions must proceed circumspectly lest we intrude on a function constitutionally vouchsafed to another branch of government."[7] *Commonwealth* v. *Bernardo B.*, 453 Mass. 158, 161 (2009). Our

---

[7]The Commonwealth states that the charges against the defendant were fairly brought because the defendant was indicted on one charge of rape,

conclusion also does not suggest that the jury could not, as a matter of fact, find the defendant guilty of one or many crimes.[8] However, a judge has the discretion to conclude, as we do here, that convictions of indecent assault and battery of a child under fourteen and statutory rape are duplicative and violate a defendant's rights to due process. See *Commonwealth* v. *Vick*, 454 Mass. 418, 435 (2009). Here, because the defendant's actions did not constitute separate and distinct acts, his conduct cannot support the two sentences and convictions. See *Commonwealth* v. *Howze*, 58 Mass. App. Ct. 147, 153 (2003) ("Where the practical coincidence of the acts is sufficiently great, even where it is theoretically possible to parse them temporally, spatially, or otherwise, multiple convictions and punishments are not permissible").

*Conclusion.* An appropriate remedy in a case such as this, in order "to prevent multiple punishments, is to vacate both the conviction and sentence on the lesser included offense, and to affirm on the more serious offense." See *Commonwealth* v. *Valliere*, 437 Mass. 366, 371-372 (2002). We therefore vacate the defendant's conviction of, and sentence for, indecent assault and battery on a child under fourteen pursuant to G. L. c. 265, § 13B, affirm the conviction of statutory rape pursuant to G. L. c. 265, § 23, and remand the case for resentencing consistent with this opinion.

*So ordered.*

---

instead of two, indicating that there was no "prosecutorial piling on." See ABA Standards for Criminal Justice: Prosecution Function and Defense Function 3-3.9 (3d ed. 1993) (prosecutors may bring charges they "believe[] are supported by the facts without 'piling on' charges," but "[a]t some stage, of course, a voluntary dismissal of one or more of the lesser charges may very well be necessary").

[8] For example, we note that, in the circumstances of this case, the jury could have found the defendant guilty of indecent assault and battery but not rape.