An Essex County grand jury returned indictments charging the defendant with numerous offenses including three counts of assault and battery by means of a dangerous weapon causing serious bodily injury (ABDW/SBI), in violation of G. L. c. 265, § 15A(c )(i). The charges stemmed from the shooting of Mark Daniels on March 10, 2016.[2] The defendant moved to dismiss two of the three ABDW/SBI indictments, contending that they are duplicative and thus prosecution is barred under the double jeopardy clause of the Fifth Amendment to the United States Constitution. A judge of the Superior Court allowed the defendant's motion, and the Commonwealth sought leave to pursue an interlocutory appeal. See Mass.R.Crim.P. 15 (a)(2), as appearing in 422 Mass. 1501 (1996). A single justice of the Supreme Judicial Court granted the Commonwealth's petition and reported the case to this court. For the reasons that follow, we conclude that the indictments must be reinstated.
Background. We briefly summarize the evidence before the grand jury.[3] The defendant, Daniels, and a number of friends were on the front porch of a building in the city of Lynn "smoking weed" and talking when a dispute arose over the defendant's claim that Daniels owed him money for two ounces of marijuana. During the course of the argument, the defendant left the front porch and obtained a firearm from within the building. Upon returning to the group on the porch, the defendant stood approximately seven feet away from Daniels and stated: "You think I am playing?" The defendant then pulled out the firearm and fired a shot that struck Daniels in the leg. Daniels immediately began screaming from the pain. The defendant paused and looked around at the people present. He then fired two more shots, hitting Daniels on the right and left sides of his chest, before fleeing from the scene. The shooting occurred in a matter of seconds.[4]
Daniels suffered life-threatening injuries. Viewing the evidence before the grand jury in the light most favorable to the Commonwealth, see Commonwealth v. Levesque, 436 Mass. 443, 444 (2002), there was probable cause that the shooting resulted in "serious bodily injury" as defined by the statute. See G. L. c. 265, § 15A(d ).
Discussion. As noted, the defendant moved to dismiss two of the three ABDW/SBI indictments as duplicative.[5] Following a hearing and review of the grand jury testimony, the motion judge agreed with the defendant that the indictments in question are duplicative because, as the motion judge explained in his memorandum of decision, "the defendant cannot be prosecuted for three charges of ABDW/SBI based on one victim and three shots fired in immediate succession as part of one altercation."[6]
The Commonwealth argues that the judge's order should be vacated and the indictments reinstated for two reasons. First, it claims that the judge usurped the function of the petit jury when he concluded that the defendant's alleged conduct constituted one continuing offense because the shots were fired in "immediate succession."[7] Second, the Commonwealth asserts that the judge violated the separation of powers by dismissing indictments that are supported by probable cause.
At this juncture, we need not decide whether the judge's decision to dismiss the indictments usurped the function of the petit jury or violated art. 30 of the Massachusetts Declaration of Rights. Rather, the question is whether the evidence presented to the grand jury met the threshold requirement of establishing probable cause to believe that the defendant committed three separate and distinct acts, so as to factually support three counts of ABDW/SBI.[8]
"Probable cause requires sufficient facts to warrant a person of reasonable caution in believing that an offense has been committed." Levesque, supra at 447. As the Commonwealth notes in its brief, this calls for "something definite and substantial, but not a prima facie case of the commission of a crime, let alone a case beyond a reasonable doubt." Commonwealth v. Bond, 375 Mass. 201, 210 (1978). Here, the grand jury was presented with sufficient evidence to support a finding of probable cause that the defendant committed the crimes as charged. In other words, because a person of reasonable caution could believe that each firing of the gun constituted a separate act, the motion judge erred in dismissing two of the three ABDW/SBI indictments.
We wish to add that, should this case proceed to trial, nothing in our conclusion should be interpreted to mean that the trial judge is precluded from allowing a motion for a required finding of not guilty in the event the Commonwealth fails to prove the defendant committed three separate and distinct acts beyond a reasonable doubt. In addition, the trial judge may vacate one or more convictions to prevent multiple punishments should the defendant be found guilty of three counts of ABDW/SBI based on evidence that does not support multiple convictions as a matter of law. However, because dismissal of the indictments at this point in the proceedings was not warranted, we vacate the order dismissing indictments ESCR2016-302-003 and ESCR2016-302-004 and remand the matter to the Superior Court for further proceedings consistent with this decision.
So ordered.
Reversed and remanded.

The defendant also was indicted on one count of armed assault with intent to murder, in violation of G. L. c. 265, § 18(b ), and one count of carrying a firearm without a license, in violation of G. L. c. 269, § 10(a ).

Five witnesses testified before the grand jury. Four of them, Maliek Bennett, Tyler McFadden, Keenan Benton, and Isaiah Davis, were friends of Daniels. Bennett and McFadden were present when the shooting took place and they related their own observations. The fifth witness, Lieutenant Thomas Reddy of the Lynn police department, testified to various aspects of the investigation including his interview with Daniels.

Specifically, the testimony about the timing was that one or two seconds passed between the first shot and the second two shots.

The defendant did not dispute that the indictments were supported by probable cause.

In reaching his conclusion, the judge relied on a decision issued by another Superior Court judge in an unrelated case, Commonwealth v. Downs. The motion judge's reliance on Downs was misplaced for a number of reasons, but primarily because in that case the issue of duplicative convictions arose after the jury had returned a guilty verdict. Thus, unlike the circumstances presented here, jeopardy had attached thereby requiring the judge to engage in a different analysis. See note 7, infra.

During the hearing on the defendant's motion to dismiss, the prosecutor stated that, at trial, the Commonwealth would introduce additional evidence including testimony that the firearm in question, a Smith & Wesson M & P 9 millimeter, is not automatic and each shot requires a separate pull on the trigger. The prosecutor also stated that the Commonwealth would introduce medical evidence regarding the three wounds, to demonstrate the track and specific effects of each bullet.

"The question whether factual allegations within multiple indictments adequately charge separate [offenses] so as to permit their prosecution is one of fact and law and dependent on the particulars in each case. The question is one that, in the first instance, may be for the motion or trial judge in the context of a motion to dismiss and, should the case proceed to trial, is a factual question that a properly instructed jury must decide. In any event, after a jury verdict of guilty on multiple convictions, and on the request of defense counsel for a judgment notwithstanding the verdict, 'a judge also must determine whether the convictions violate the defendant's rights' under the principles of double jeopardy." Commonwealth v. Dykens, 473 Mass. 635, 645 (2016), quoting from Commonwealth v. Suero, 465 Mass. 215, 222 (2013).