The defendant was convicted of two charges of statutory rape aggravated by age difference, statutory rape, and indecent assault and battery on a child under the age of fourteen. Before us are the defendant's consolidated appeals from his convictions and from the denial of his motion for a new trial. He argues that his trial counsel was ineffective for failing to introduce exculpatory portions of a recorded police interview and an exculpatory medical document, and that three of his convictions must be vacated as duplicative because of the trial judge's failure to give an instruction on separate and distinct acts. We affirm in part and vacate in part.
1. Ineffective assistance. Prior to trial, defense counsel filed a motion in limine to exclude a recorded police interview of the defendant. The trial judge denied the motion, ruling that the Commonwealth could present a redacted version of the video to the jury. Though the judge told defense counsel that "if he wish[ed] more of the interview in, then [he was] free to designate that," counsel did not designate any additional portions. The redacted video was then played for the jury at trial.
In his motion for a new trial, the defendant argued that trial counsel provided ineffective assistance by failing to designate the "[t]hirty-one times during his interview ... [that he] denied having intercourse with or inappropriately touching [the victim]" and the "fourteen separate times that [he] denied that he had previously admitted to his wife that he engaged in inappropriate behavior with [the victim]." The motion was accompanied by an affidavit from trial counsel, in which he stated that he "made the decision that putting the denials in would not have helped the defendant as the denials were preceded by and followed by damaging statements of the police which gave the denials context." A judge, who was not the trial judge, denied the motion on the ground that the redacted denials did not constitute a substantial ground of defense because they were "cumulative of other denials that were presented to the jury."
We review the motion judge's decision "to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). To succeed on a claim of ineffective assistance, the defendant had the burden of proving, first, that counsel's performance fell "measurably below that which might be expected from an ordinary fallible lawyer" and, second, that the deficient performance prejudiced the defendant by "likely depriv[ing] [him] of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). In addition, "[w]here, as here, the defendant's ineffective assistance of counsel claim is based on a tactical or strategic decision, the test is whether the decision was 'manifestly unreasonable when made.' " Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015), quoting Commonwealth v. Acevedo, 446 Mass. 435, 442 (2006).
It was not manifestly unreasonable for counsel to have decided that many of the redacted denials would do more harm than good to the defense. Admission of an accusation carries with it a risk of prejudice to the defendant "because a detailed accusation improperly puts in evidence the Commonwealth's version of the facts." Commonwealth v. Barbosa, 457 Mass. 773, 799 (2010), cert. denied, 563 U.S. 990 (2011). Thus, counsel was not ineffective for declining to introduce denials that were preceded by accusatory questions, where the questions were necessary to give the denials context. See Kolenovic, supra at 674 ("manifestly unreasonable" standard "is essentially a search for rationality in counsel's strategic decisions").
The defendant claims that "on numerous instances [his] denials were preceded by non-accusatory questions" and that some of the denials "could have been presented without any part of the detective's prior question." But after reviewing the interview transcript,[2] we have identified only four denials that likely could have been admitted without also having to admit a preceding question that was accusatory (or at least susceptible of being viewed as such). Moreover, we conclude that one of those four statements, when viewed in context, did not constitute a substantial ground of defense, nor was it manifestly unreasonable for counsel not to have introduced it.[3]
This leaves the following statements: (1) "I would never have intercourse with [the victim]"; (2) "I told her [the defendant's wife] I have never had intercourse with [the victim]"; and (3) "I have never had sex with her because [inaudible] wear a condom." Assuming that it was manifestly unreasonable for counsel not to offer these statements -- and we note that counsel acknowledges in his affidavit that "[i]t may have been helpful to include some of the denials" -- the defendant has not shown, on this record, that counsel's failure deprived him of an available, substantial ground of defense.[4] While we agree with the defendant that, contrary to the motion judge's decision, these statements were not cumulative of the portions of the video shown to the jury,[5] we cannot determine the impact that they would have had without seeing the unredacted video, which is not in the record. Without the unredacted video, we have no means of assessing the tone and tenor of the statements or what impression they might have had on the jury in the context of the interview as a whole. Thus, on this record, the defendant has failed to demonstrate prejudice. We do not preclude the possibility that a judge could reach a different conclusion should the defendant present the unredacted video in conjunction with a new motion for a new trial.
Turning to the issue of the medical document, the defendant has not shown that trial counsel's failure to offer it deprived him of an available, substantial ground of defense. The defendant contends that the document, entitled "Progress Notes," is exculpatory because it notes "erectile dysfunction" as one of his ailments. But it is unclear whether erectile dysfunction was an actual diagnosis made by a medical professional, as none is identified on the document. The defendant has provided no context at all for the document,[6] which predates by around three years the period of time when, according to the victim's testimony, the defendant assaulted her by penile penetration. Furthermore, the jury heard the defendant say in his police interview that, while he could not "achieve an erection most times" because of his high blood pressure, he was still able to do so with difficulty. In these circumstances the defendant has failed to show "that better work might have accomplished something material for the defense." Commonwealth v. Brown, 479 Mass. 163, 170 (2018), quoting Commonwealth v. Bell, 460 Mass. 294, 303 (2011).
2. Duplicative convictions. Though the trial judge indicated that he would instruct the jury that the offenses must be based on separate and distinct acts, he did not give such an instruction (it appears inadvertently). The defendant did not object or bring the issue to the judge's attention. We therefore review the defendant's claim of duplicative convictions to determine whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Kelly, 470 Mass. 682, 699 (2015).
With regard to the two identical charges of statutory rape aggravated by age difference, there is no substantial risk that the jury based their convictions on the same act. The judge instructed the jury that "[e]ach charge is to be considered separately." Because the charges were identical, a reasonable jury would have understood the instruction to mean that they had to find separate acts supporting each one. We see no "significant possibility" that the jury would have understood otherwise (emphasis omitted). Id. at 701.
The lesser included offenses, statutory rape and indecent assault and battery on a child under fourteen, stand on different ground. See Commonwealth v. Suero, 465 Mass. 215, 219 (2013) ("the crime of indecent assault and battery on a child under fourteen ... is a lesser included offense of the crime of rape of a child under sixteen"). "That the judge instructed the jury ... that they must consider each indictment separately did not equate to informing the jury that these two charged offenses must be factually based on separate and distinct acts." Kelly, 470 Mass. at 701. The instructions as given do not allow "us to know on which facts each conviction rested." Id. at 702. This case is controlled in all material respects by Kelly, which requires that the convictions of the lesser included offenses be vacated as duplicative. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 701-702.[7]
Conclusion. The order denying the motion for new trial is affirmed. The judgments on the indictments charging statutory rape and indecent assault and battery are vacated as duplicative, the verdicts on those charges are set aside, and those indictments are to be dismissed in the Superior Court. The remaining judgments are affirmed.
So ordered.
Affirmed in part; vacated in part and set aside.

We have also viewed the redacted video, which was admitted as an exhibit at trial.

That statement was: "I have never been inappropriate with [the victim]." We do not think this statement would have assisted the defense in any meaningful way, given that, in the portions of the video the jury saw, the defendant acknowledged that "there were inappropriate things happening" and described how the victim would on numerous occasions get into bed and into the shower with him, try to touch his genitals, and watch him urinate.

The Commonwealth raises no claim that the statements would have been inadmissible because they were post-Miranda denials of guilt. See, e.g., Commonwealth v. Nawn, 394 Mass. 1, 4-5 (1985). We therefore do not address the issue.

The jury heard the defendant say that the victim engaged in sexually inappropriate behavior with him and that he rejected her advances on those occasions. The jury did not hear the defendant deny having intercourse with the victim.

Trial counsel's affidavit does not address the document. Motion counsel submitted an affidavit of his own, stating that trial counsel did not respond to requests for an explanation of his strategy on this issue.

The cases cited by the Commonwealth, Commonwealth v. Sanchez, 423 Mass. 591, 598-599 (1996), and Commonwealth v. Kirkpatrick, 423 Mass. 436, 437, cert. denied, 519 U.S. 1015 (1996), concern specific unanimity, not separate and distinct acts.